*States v. Simmonds*, 111 F.3d 737, 745 (10th Cir. 1997) (citing *Forest v. United States Postal Serv.*, 97 F.3d 137, 139-40 (6th Cir. 1996)). Furthermore, "a statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment or upsets expectations based on prior law." *Landgraf*, 511 U.S. at 269 (citations omitted). Rather, we must determine whether the Act "attaches new legal consequences to events completed before its enactment." *Id.* at 269-70. Although the events underlying Hyatt's conviction antedate the Antiterrorism and Effective Death Penalty Act, the application of the Act's limitation period does not attach "new legal consequences to events completed before its enactment." *Id.* The limitation period applies to Hyatt's filing of a motion under Section 2255, which occurred after the enactment of the statute; as a result, the application of the limitation period is prospective and not retroactive. *See id.*

We recognize that even though the limitation period is prospective in application, it cannot be applied so as to bar a motion before the movant has had a reasonable opportunity to bring it. *See Texaco, Inc. v. Short*, 454 U.S. 516, 527 n.21 (1982) (quoting *Wilson v. Iseminger*, 185 U.S. 55, 62-63 (1902)). For this reason, applying the literal language of Section 2255 would be an unfair and severe instance of retroactivity. *See id.* However, the one-year grace period ensures that any prisoner whose conviction became final prior to April 24, 1996 would have had an adequate opportunity to file a motion under Section 2255. Therefore, we join the majority of other circuits and hold that prisoners whose convictions became final on or before April 24, 1996 had until April 24, 1997 to file their Section 2255 motions.

Consequently, because Hyatt filed his Section 2255 motion after April 24, 1997, we hold that the motion was time-barred and AFFIRM the decision of the district court.

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0108P (6th Cir.)
File Name:  00a0108p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

―――――――――



DAVID L. HYATT,
    *Petitioner-Appellant,*

    *v.*      No. 98-4229

UNITED STATES OF AMERICA,
    *Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 98-01042—David D. Dowd, Jr., District Judge.

Submitted:  October 26, 1999

Decided and Filed:  March 27, 2000

Before:  MARTIN, Chief Judge; SUHRHEINRICH and
SILER, Circuit Judges.

―――――――――

## COUNSEL

**ON BRIEF:**  Samuel A. Yannucci, ASSISTANT UNITED STATES ATTORNEY, Akron, Ohio, for Appellee. David L. Hyatt, Coleman, Florida, pro se.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Chief Judge.  David L. Hyatt appeals the district court's denial of his motion pursuant to 28 U.S.C. § 2255 to set aside his conviction and vacate his sentence.  The district court held that his motion was untimely under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-143, 110 Stat. 1214 (Apr. 24, 1996), which allows prisoners one year after their convictions become final to file motions under Section 2255.

On November 19, 1993, David L. Hyatt was convicted of possession of cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846.  He was sentenced to life in prison on January 26, 1994.  We affirmed the judgment and sentence on September 9, 1995.  On May 4, 1998, Hyatt filed a motion to set aside his conviction and vacate his sentence under 28 U.S.C. § 2255.  On September 25, the district court granted the United States' motion to dismiss and issued a certificate of appealability on the sole issue of whether Hyatt's Section 2255 motion was timely.  In reviewing a district court's denial of a motion under Section 2255, we apply a clearly erroneous standard to its factual findings and review its conclusions of law *de novo*.  *See Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996).

The Antiterrorism and Effective Death Penalty Act amended 28 U.S.C. § 2255 by adding a time-limit provision for Section 2255 motions.  As amended, Section 2255 precludes a prisoner from filing Section 2255 motions more than one year after the conviction becomes final.[1]  The

_____

[1]Section 2255  now reads in pertinent part:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
    (1)  the date on which the judgment of conviction becomes final;

Antiterrorism and Effective Death Penalty Act became effective on April 24, 1996.  A majority of circuits have interpreted the Act to provide a one-year grace period for prisoners whose convictions became final prior to the effective date of the Act.  *See Paige v. United States*, 171 F.3d 559, 560 (8th Cir. 1999); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998); *Brown v. Angelone*, 150 F.3d 370, 374 (4th Cir. 1998); *Mickens v. United States*, 148 F. 3d 145, 148 (2d Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *United States v. Simmonds*, 111 F.3d 737, 745 (10th Cir. 1997); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997).  Under this interpretation, such prisoners had until April 24, 1997 to file motions under Section 2255.  Hyatt's conviction became final prior to the effective date of the Act.  He filed his Section 2255 motion on May 4, 1998, well after the expiration of the one-year grace period.  As a result, the district court rightly concluded that his motion was time-barred.

Hyatt argues that the retroactive application of the period of limitations violates his due process, ex post facto, and Suspension Clause rights under the Constitution.  These arguments are without merit.  While statutory retroactivity has "long been disfavored," *Landgraf v. USI Film Prods.*, 511 U.S. 244, 268 (1994), retroactivity concerns generally do not bar the application of a changed limitation period to a suit that is filed after the amendment's effective date.  *See United*

_____

    (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.