UNITED STATES of America,
Plaintiff–Appellee,

v.

Ivan COLVIN, Defendant–Appellant.

No. 99–6364.

United States Court of Appeals,
Sixth Circuit.

Aug. 29, 2001.

---

Before MARTIN, Chief Judge; COLE, Circuit Judge; NUGENT, District Judge.*

PER CURIAM.

Ivan Colvin appeals the district court's denial of his motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 on the ground that he received ineffective assistance of counsel. Colvin also argues that the district court erred in refusing to grant him a downward departure due to his physical ailments. For the following reasons, we AFFIRM the district court.

* The Honorable Donald C. Nugent, United States District Judge for the Northern District

I.

On June 10, 1992, Colvin was charged with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and § 841(a)(1), attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and § 2, and using a firearm in relation to a drug trafficking crime in violation of 18 U .S.C. § 924(c). At trial, the United States presented numerous recorded telephone calls between Claudia Alfaro, an undercover operative, and a man named Lawrence Davis, during which they discussed purchasing cocaine. Davis stated that the cocaine was not for him, repeatedly referred to the ultimate purchasers in the plural, and related that he told the ultimate purchasers that the cocaine would cost $20,000 per kilogram. The police videotaped a meeting between Colvin, Alfaro, Davis and two other men, during which Colvin attempted to purchase cocaine and asked about future drug deals. The jury convicted Colvin on all three counts, and the district court sentenced him to twenty-four years and four months on the drug convictions, and five years on the firearm conviction, to be served consecutively. On direct appeal, we found there was sufficient evidence to support the convictions. *See United States v. Colvin*, 19 F.3d 20 (6th Cir.1994). The district court granted Colvin's subsequent motion to modify his sentence, and the United States appealed. We reversed the district court and reinstated Colvin's original sentence. *See United States v. Colvin*, 134 F.3d 372 (6th Cir.1997).

Colvin then moved to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255, raising three issues: 1) that the United

of Ohio, sitting by designation.

States violated 18 U.S.C. § 201(c) by putting a paid government informant on the witness stand; 2) that he received ineffective assistance of counsel; and 3) that the evidence was insufficient to support his conviction under 21 U.S.C. § 924(c) for "use" of a firearm. The district court denied the motion as to the first two issues, but based on *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), vacated Colvin's § 924(c) conviction and, without objection from the United States, resentenced Colvin to twenty-four years and four months imprisonment. At the resentencing hearing, the district court rejected Colvin's argument that he was entitled to a downward departure pursuant to § 5H1.4 of the Sentencing Guidelines based on his medical condition. Colvin appeals the district court's denial of his § 2255 motion, raising only the ineffective assistance of counsel issue. Additionally, Colvin argues that the district court erred in refusing to grant a downward departure due to his physical ailments.

## II.

We review a district court's denial of a § 2255 motion de novo. *See Hyatt v. United States,* 207 F.3d 831, 832 (6th Cir. 2000). We review the district court's findings of fact for clear error. *See id.*

Section 2255 allows a federal prisoner to petition to vacate or set aside his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Colvin asserts that his one time purchase of cocaine was insufficient to establish a conspiracy between himself and the seller, and that his trial counsel's failure to request an instruction that a mere buyer/seller relationship is not sufficient to prove conspiracy constituted ineffective assistance of counsel. Ineffective assistance

claims are reviewed under the two part test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* requires a defendant to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense such that the defendant was denied a fair trial. *Id.* at 687. To establish prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Colvin's claims that there was no evidence of a conspiracy and that, had a buyer/seller instruction been given, he would have been acquitted of the conspiracy charge, are belied by our previous decision that sufficient evidence supported Colvin's conspiracy conviction. *See United States v. Colvin,* 19 F.3d 20 (6th Cir.1994). Moreover, while "it is generally held that a buyer-seller relationship is not alone sufficient to tie a buyer to a conspiracy, ... where there is additional evidence beyond the mere purchase or sale, from which knowledge of the conspiracy may be inferred, courts have upheld conspiracy convictions." *See United States v. Anderson,* 89 F.3d 1306, 1310 (6th Cir.1996) (citations omitted). "A large volume of narcotics creates an inference of a conspiracy." *See United States v. Bourjaily,* 781 F.2d 539, 545 (6th Cir.1986).

■ In this case, Colvin arranged to purchase one kilogram of cocaine. Given the large quantity of the purchase, and Colvin's request for future purchases, an inference of a conspiracy is justified. *See Anderson,* 89 F.3d at 1311 (upholding inference of conspiracy from less than one kilogram of cocaine). Colvin has failed to show that but for his attorney's failure to ask for a buyer/seller instruction, the results of the proceeding would have been different, and thus has not met *Strick-*

*land*'s requirement of showing prejudice. We therefore find that the district court correctly denied Colvin's § 2255 motion.

### III.

Colvin next argues that, pursuant to Sentencing Guideline § 5H1.4, he was entitled to a sentencing departure based on his medical condition. He claims that the district court misunderstood the scope of its authority to depart. In general, a district court's refusal to exercise its discretion and grant a downward departure is not reviewable. *See United States v. Coleman*, 188 F.3d 354, 357 (6th Cir.1999). We may review a denial of downward departure "only if the district court incorrectly believed that it lacked the authority to grant such a departure as a matter of law." *United States v. Owusu*, 199 F.3d 329, 349 (6th Cir.2000). We must, however, assume that the district court exercised proper discretion when it concludes that a downward departure was unwarranted. *See id.*

Under the Sentencing Guidelines, age and physical condition may be grounds for a downward departure. *See* U.S.S.G. § 5H1.4. Section 5H1.4 provides that:

Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be reason to impose a sentence below the applicable guideline range.

At the sentencing hearing, Colvin presented evidence that he has myasthenia gravis, a condition which causes double vision, weight loss, weakness, and sight loss. Colvin also informed the court that he was not able to get treatment for his condition in prison. He claimed that he had multiple myasthenia crisis attacks, and that the facilities were unable to treat him due to their lack of knowledge about the disease. In addition, Colvin claimed to suffer from hypothyroidism, back problems, a heart murmur, and a paralyzed right foot.

█ After considering Colvin's ailments, the district court decided not to depart. The district court stated, "Unfortunately, I just don't see any valid grounds for a departure here on the basis of this disease ... now, it's true that for what they say is an exception-type disease, an exception may be made; but, again, I have to follow the guidelines in making the exception and it leaves me very little discretion." The district court continued, "And in interpreting that guideline, it's clear that they have something in mind more unusual than this." The United States asked the court to clarify whether it believed that it did not have the discretion to depart. The district court responded,

No. Well, the guidelines does not justify a departure. Its not unusual ... [W]ithout getting into heartlands and hinterlands, why, I don't feel the disease is unusual enough to justify a departure. I think that they had in mind somebody who was in an iron lung or quadriplegic or something like that.

After a thorough review of the record, we conclude that the district court understood that it had the authority under the Sentencing Guidelines to grant Colvin a downward departure, but declined to exercise its discretion because Colvin's physical condition did not qualify as an extraordinary physical impairment. The district court's refusal to grant a downward departure is not reviewable. We therefore affirm Colvin's sentence.[1]

---

1. At oral argument, a question was raised regarding the constitutionality of Colvin's sentence in light of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d

## IV.

For the foregoing reasons, we AFFIRM the district court's denial of Colvin's § 2255 motion and Colvin's sentence.

435 (2000) (holding that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). While the indictment charged Colvin with possession of one kilogram of cocaine, this amount was not submitted to the jury and proven beyond a reasonable doubt. Upon further review, we conclude that Colvin's sentence did not trigger *Apprendi* because it was within the statutory range of penalties. Under 18 U.S.C. § 841(b)(1)(C), if a defendant has a prior felony drug conviction, the range of imprisonment is from zero to thirty years. Colvin has two prior felony drug convictions, and was sentenced to twenty-four years and four months imprisonment. His sentence was therefore within the prescribed statutory range, and does not run afoul of *Apprendi*.