Andre HENRY, Petitioner–Appellant,

v.

Michael RANDLE, Warden, Respondent–Appellee.

No. 99–4311.

United States Court of Appeals, Sixth Circuit.

Sept. 25, 2001.

Before RYAN and BOGGS, Circuit Judges; WILLIAMS, District Judge.[*]

Andre Henry, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of

[*] The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

habeas corpus. *See* 28 U.S.C. § 2254. This appeal has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon consideration, this panel agrees unanimously that oral argument is not needed. Fed. R.App. P. 34(a).

Henry petitioned for review of his state court convictions for aggravated robbery and robbery. The district court held that the petition was barred by the applicable statute of limitations. *See* 28 U.S.C. § 2244(d). On appeal, Henry argues that his petition was timely, the statute of limitations is unconstitutional, his case is subject to equitable tolling, and he is entitled to an actual innocence exception.

Upon review, we conclude that Henry's habeas corpus petition was late. His constitutional objections have been held by this court to lack merit. *See Hyatt v. United States*, 207 F.3d 831, 832–33 (6th Cir.2000). He is not entitled to equitable tolling because his nine month delay before filing showed a lack of due diligence. *Dunlap v. United States*, 250 F.3d 1001, 1010 (6th Cir.2001). Finally, assuming that an actual innocence exception does exist, Henry has not satisfied the standard for showing actual innocence contained in *Schlup v. Delo*, 513 U.S. 298, 324–27, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

The judgment of the district court is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.