RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0109P (6th Cir.)
File Name: 02a0109p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

WILEY T. NICHOLS, JR.,
    *Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,
    *Respondent-Appellee.*

No. 01-1109

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 00-00109—Richard A. Enslen, District Judge.

Submitted: March 18, 2002

Decided and Filed: April 3, 2002

Before: SILER and GILMAN, Circuit Judges; HEYBURN,
Chief District Judge.[*]

———————

## COUNSEL

**ON BRIEF:** Donald Daniels, ASSISTANT UNITED
STATES ATTORNEY, Grand Rapids, Michigan, for

———————————————

[*] The Honorable John G. Heyburn II, Chief United States District
Judge for the Western District of Kentucky, sitting by designation.

1

Appellee.  Wiley T. Nichols, Jr., Leavenworth, Kansas, pro se.

―――――――――

**OPINION**

―――――――――

SILER, Circuit Judge.  Petitioner Wiley T. Nichols, Jr., a prisoner proceeding *pro se*, appeals the district court's judgment denying his motion for correction of sentence pursuant to 28 U.S.C. § 2255.  Because we find Nichols's motion time-barred, we affirm.

**Background**

On January 8, 1992, the United States Attorney filed a single-count information in the District Court for the Western District of Michigan charging Nichols with being a felon in possession of firearms after having been convicted of at least three violent felonies in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  The previous violent felonies included two breaking and entering convictions in violation of Mich. Comp. Laws § 750.110 and an armed robbery conviction in violation of Mich. Comp. Laws § 750.529.

Nichols appeared with counsel on January 17, 1992 and entered a plea of guilty.  The United States made a non-binding oral agreement that it would recommend that Nichols receive the fifteen-year minimum custodial sentence mandated by § 924(e).

On April 10, 1992,  the district court entered its judgment sentencing Nichols to a custodial term of fifteen years, a term of supervised release of five years, a $1,000 fine and a $50 special assessment.  Nichols filed no direct appeal of his conviction or sentence.

More than eight years later, on July 6, 2000, Nichols filed a motion pursuant to 28 U.S.C. § 2255 for correction of his sentence.  He argued that he received an improper sentence

because he did not have three prior violent felony convictions to justify an enhancement under § 924(e) and, even if he did, under Michigan law his rights were restored, prohibiting the use of these offenses for purposes of enhancement pursuant to § 921(a)(20).

The district court denied Nichols's motion, holding that it was both time-barred and procedurally-defaulted. The court, however, granted a certificate of appealability, concluding that Nichols had made a substantial showing of the denial of a constitutional right based on the retroactivity of *Hampton v. United States*, 191 F.3d 695 (6th Cir. 1999).

### Standard of Review

"In reviewing a district court's denial of a motion under Section 2255, we apply a clearly erroneous standard to its factual findings and review its conclusions of law *de novo*." *Hyatt v. United States*, 207 F.3d 831, 832 (6th Cir. 2000) (citation omitted).

### Discussion

Nichols contends that he received an improper sentence because one of the requisite elements for his enhanced sentence under 18 U.S.C. § 924(e) did not exist. Specifically, he asserts that his two convictions for breaking and entering and his armed robbery conviction, used by the government to enhance his sentence, were not violent felonies. Moreover, he asserts that after the opinion in *Hampton*, it is now clear that under Michigan law his civil rights were restored as to these three prior convictions, prohibiting the use of these offenses as enhancements pursuant to 18 U.S.C. § 921(a)(20). Additionally, Nichols argues that his motion is not time-barred and that good cause exists for his failure to pursue these issues on direct appeal.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 by adding a time-limit provision for motions by federal prisoners for collateral relief. As amended, § 2255 provides in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The AEDPA became effective on April 24, 1996. Federal prisoners whose convictions became final prior to the effective date of the Act are entitled to a grace period of one year, or until April 24, 1997, to file their motions for relief under § 2255. *See Hyatt*, 207 F.3d at 833.    Nichols pleaded guilty to being a felon in possession of a firearm in January 1992 and judgment in his case was entered on April 10, 1992. He failed to file a direct appeal and the judgment became final on April 21, 1992. He did not file his § 2255 motion until July 2000, well beyond the one-year grace period which ended on April 24, 1997.

In his brief, Nichols asserts for the first time that § 2255(3) applies to his case. He contends that the Sixth Circuit's 1999 decision in *Hampton* changed the law of this circuit concerning the restoration of civil rights to convicted felons under Michigan law and, therefore, based on § 2255(3), the one-year limitation period runs from the date on which the Sixth Circuit initially recognized that new right in *Hampton*. Because his § 2255 motion was filed within one year of the *Hampton* decision, Nichols submits that it is not time-barred. Nichols contends that although this is not a Supreme Court

case, it should carry the same full force and authority of a Supreme Court ruling. As support for this argument, he cites *Bousley v. United States*, 523 U.S. 614 (1998); *Davis v. United States*, 417 U.S. 333 (1974); and *United States v. Tait*, 202 F.3d 1320 (11th Cir. 2000). This argument is meritless and the cases cited by Nichols do not support his interpretation of this subsection.

The express language of § 2255(3) limits its application to decisions of the Supreme Court in which new rights are recognized and explicitly made retroactive to cases on collateral review. Because Nichols does not assert a newly recognized right by the United States Supreme Court made retroactively applicable to his case, § 2255(3) does not apply.

In his appeal to this court, Nichols fails to allege an impediment to filing his present motion under subsection (2).[1] Additionally, he fails to allege new facts in his case that could not have been  discovered within the one-year limitation period pursuant to subsection (4). Because Nichols's § 2255 motion fails to meet any of the requisite statutory criteria that might have allowed him to file this motion more than eight years after the final judgment in his case, the motion is time-barred.

AFFIRMED.

---

[1]In his traverse, Nichols argued that he did have an impediment to filing his motion under subsection (2). He maintained that because he was challenging one of his state-law convictions in the state system, and did not receive a final order until July 27, 1999, this created an impediment which caused his § 2255 motion to be timely. The district court found there was no support for Nichols's position that his late appeal in the Michigan court system was somehow a government impediment to the filing of his § 2255 motion. This issue raised in the district court but not on appeal is considered abandoned and will not be reviewed. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir. 1996).