**Rodney REID, Plaintiff–Appellant,**

v.

**Marvin T. RUNYON, Postmaster General of the United States, and United States of America, Defendants–Appellees.**

No. 00–5844.

United States Court of Appeals, Sixth Circuit.

May 2, 2002.

Before NELSON and MOORE, Circuit Judges, and KATZ, District Judge.*

DAVID A. NELSON, Circuit Judge.

This is an appeal from a summary judgment for the defendants, the Postmaster General and the United States, in an action alleging improper discrimination on account of disability, retaliation, and creation of a hostile work environment in violation of the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.* We shall affirm the challenged judgment.

I

As more fully explained in the district court's comprehensive opinion, the Veterans Administration certified the plaintiff, Rodney Reid, as 20 percent disabled by

---

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

reason of a 1985 ankle injury sustained while he was in the Navy. In 1994 Mr. Reid was hired by the United States Postal Service. His job was a physically taxing one, and his ankle grew increasingly painful during the course of his postal employment. In January of 1997 Mr. Reid underwent surgery for removal of a steel plate and 10 surgical screws. He returned to work three months later under medical restrictions. Shortly thereafter, in May of 1997, he injured his back and exacerbated his ankle problem while moving an 800 pound all purpose carrier. Further medical restrictions followed.

The Postal Service then gave Mr. Reid a "limited job offer," proposing four hours of manual labor per day and four hours of clerical work. The offer was subsequently modified to require only seated work for eight hours a day. The plaintiff accepted the modified offer, but then asked that his work schedule be changed to coincide with his physical therapy sessions. (He wanted to be paid for attending the sessions.) This request was denied. Mr. Reid claims that the Postal Service subjected him to a variety of "hostile" actions.

After proceedings before the Equal Employment Opportunity Commission, Mr. Reid filed the present action in the United States District Court for the Eastern District of Kentucky. That court ultimately granted a defense motion for summary judgment, holding that the plaintiff had failed to produce evidence of a disability, that the Postal Service had made reasonable efforts to accommodate his physical impairment, that no adverse employment action had been taken against the plaintiff, and that the actions complained of were not severe enough to create a hostile work environment. Following the district court's denial of a motion for reconsideration, the plaintiff perfected a timely appeal to this court.

## II

We review the district court's entry of summary judgment *de novo. Hopkins v. Electronic Data Systems Corp.,* 196 F.3d 655, 660 (6th Cir.1999). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

To succeed on a claim brought under the Rehabilitation Act, the plaintiff must demonstrate, among other things, that he is disabled within the meaning of the statute. See *Penny v. United Parcel Serv.,* 128 F.3d 408, 414 (6th Cir.1997).[1] According to the Act, a person is disabled if he "has a 'physical or mental impairment that substantially limits one or more of the major life activities.'" *Doren v. Battle Creek Health Sys.,* 187 F.3d 595, 597 (6th Cir. 1999) (citing 42 U.S.C. § 12102(2)). Working is considered a "major life activity." *Id.* (citing 29 C.F.R. § 1630.2(i)).

The district court held that Mr. Reid was not disabled under the terms of the Rehabilitation Act because his physical impairment—the ankle injury—did not substantially limit his ability to work. The court concluded that Mr. Reid had produced no evidence that his ankle injury would prevent him from performing a broad range of jobs. See *Doren,* 187 F.3d at 597. Mr. Reid does not challenge this conclusion on appeal, confining himself to a claim that the district court erred in con-

---

**1.** *Penny* was an Americans with Disabilities Act case. As provided by 29 U.S.C. § 794(d), however, the standards used in the Americans with Disabilities Act apply to Rehabilitation Act cases alleging employment discrimination. See *McPherson v. Michigan High* School Athletic Ass'n, Inc., 119 F.3d 453, 460 (6th Cir.1997). *McPherson* further explains that because the two Acts have largely the same standards, "cases construing one statute are instructive in construing the other." *Id.*

cluding that he had failed to make a prima facie showing of a hostile work environment.

An issue raised in the district court but not pressed on appeal is deemed to have been abandoned and is not subject to appellate review. See *Security Watch, Inc. v. Sentinel Systems, Inc.*, 176 F.3d 369, 376 (6th Cir.1999); *Nichols v. United States*, 285 F.3d 445, 447, n. 1 (6th Cir. 2002). We must therefore take it as given that Mr. Reid does not suffer from a disability for purposes of the Rehabilitation Act. Absent a disability, he cannot prevail on his hostile work environment claim. See *Kocsis v. Multi–Care Management, Inc.*, 97 F.3d 876, 884 (6th Cir.1996).

AFFIRMED.