NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0317n.06

No. 17-6258

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 24, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| BEAU C. VAUGHAN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | OPINION |
| Respondent-Appellee. | ) | |

---

Before: BOGGS, BATCHELDER, and BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** On July 3, 2018, our Court granted a certificate of appealability to Petitioner-Appellant Beau Vaughan as to his claim that he received ineffective assistance of counsel when his attorney failed to communicate plea offers. Upon a review of the record and the arguments made by the parties in this appeal, we **AFFIRM**.

## I. BACKGROUND

In March 2010, Vaughan was arrested on state charges for conspiring to distribute or possessing with intent to distribute 100 kilograms or more of marijuana. Vaughan hired attorney John Colley to represent him. Vaughan was then brought into federal custody in July 2010 after his federal indictment, and Colley continued to represent him. As part of the criminal proceedings against him, Vaughan filed a motion to suppress evidence obtained by the police. The district

court denied the suppression motion, and a jury convicted Vaughan of the charge in the indictment. The district court sentenced Vaughan to a term of 300 months of imprisonment.

Vaughan appealed the denial of his motion to suppress and his conviction, and in 2013, this Court affirmed. *United States v. Vaughan*, 512 F. App'x 459 (6th Cir. 2013). The Supreme Court denied Vaughan's petition for a writ of certiorari, and his conviction became final. *Vaughan v. United States*, 570 U.S. 925 (2013).

In 2014, Vaughan filed a Motion to Vacate Judgment Pursuant to 28 U.S.C. § 2255, raising numerous claims. One of these claims was that Colley failed to inform Vaughan about plea negotiations with the government, which led to the "reject[ion of] a plea offer . . . with a recommended sentence of twelve years." R. 1, Page ID 15.

The district court denied Vaughan's § 2255 Motion except for his claim of ineffective assistance of counsel by Colley. The district court determined that "an evidentiary hearing [was] necessary to resolve whether [Colley] effectively communicated [the Government's] fifteen-year plea offer[1] and the consequences of rejecting the offer." R. 14, Page ID 127. On April 7, 2017, the court held a hearing in which both Vaughan and Colley testified. On September 25, 2017, the court issued its findings of facts and legal conclusions, holding that Vaughan did not demonstrate that he was prejudiced by Colley's actions because Vaughan had not shown facts indicating there was a reasonable probability that he would have accepted the offer. The district court denied a certificate of appealability.

Vaughan applied to our Court for a certificate of appealability for all of the issues he raised in his initial § 2255 Motion. We denied the certificate of appealability, except for the issue of ineffective assistance of counsel.

---

[1] At some point, the plea offer changed from twelve to fifteen years. The record is unclear as to why this change occurred.

## II. STANDARD OF REVIEW

Vaughan appeals the district court's denial of his Motion to Vacate under § 2255. "In reviewing a district court's denial of a motion under Section 2255, we apply a clearly erroneous standard to its factual findings and review its conclusions of law de novo." *Hyatt v. United States*, 207 F.3d 831, 832 (6th Cir. 2000) (citation omitted).

"During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "To demonstrate that his counsel was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), [Vaughan] must make two showings: (1) [his] counsel's performance was deficient, or put differently, fell below an objective standard of reasonableness; and (2) the performance prejudiced [Vaughan]." *King v. Westbrooks*, 847 F.3d 788, 795 (6th Cir. 2017) (quoting *United States v. Mahbub*, 818 F.3d 213, 230–31 (6th Cir. 2016)) (internal quotation marks omitted).

## III. DISCUSSION

This Court granted a certificate of appealability to determine whether Vaughan received ineffective assistance of counsel during "communicat[ion of the] plea *offers*." COA. R. 15 (emphasis added). As there were two plea offers provided by the Government here, the issues are whether Colley informed Vaughan about the plea offers and, if not, whether Vaughan was prejudiced.

A.      The Plea Offers

After denial of the suppression motion, Colley entered into plea discussions with the Government. Colley testified at the evidentiary hearing that he had previously been Vaughan's counsel in a case in which Vaughan had provided substantial assistance to the Government by

testifying against certain individuals. Accordingly, Vaughan was interested in staying out of the federal system, where these individuals were now incarcerated, and in plea bargaining with the Government for lesser prison time in the instant case.

Vaughan and Colley differ about the next part of this conversation. According to Colley, Vaughan authorized Colley to accept a plea deal for ten years or less of imprisonment, and asked Colley to start off negotiations with a five-year term of imprisonment. According to Vaughan, he did not give Colley any instructions to accept certain offers or reject others.

Vaughan also testified that at this point, Colley had not told him what his Sentencing Guidelines range was. Colley could not recall "a specific instance" in which he told Vaughan about his sentencing range, though Colley said he "typically" tells his clients early on.

In March 2011, Colley emailed the Government, asking for "a sentence in the 5+ year range." R. 6-2, Page ID 66. The Government attorney responded, stating that he could not agree to this sentence, but "[i]f [Vaughan] is interested in a plea agreement which would result in a sentence of 15 years—which would be below his Guidelines range, I expect I could get approval for that from my supervisor." *Id.* The email also said that if Vaughan did not plead guilty, the Government would file an "851 Information," asking for an enhancement that would increase Vaughan's mandatory minimum from five to ten years and increase the maximum penalty from 40 years to life imprisonment. *Id.* at Page ID 65–66. Colley responded by email to the Government attorney that "Vaughan intends to go to trial rather than plead and take 15." *Id.* at Page ID 65. Colley testified that by rejecting the fifteen-year plea offer, he was following Vaughan's instructions that "if we couldn't do ten years, let's just go to trial." R. 33, Page ID 244.

Vaughan testified that Colley did not tell him about the Government's fifteen-year plea offer, and Colley did not attest that he told Vaughan in March about the fifteen-year plea offer.

4

However, both Vaughan and Colley agree that Colley visited Vaughan in jail on the afternoon of July 25, 2011. Colley testified that when he met Vaughan, he conveyed the fifteen-year plea offer to him and wanted to "make sure the 15 wouldn't work" with Vaughan. *Id.* at Page ID 234. Colley stated that Vaughan told him "he was not going to take 15 years unless he could appeal the . . . suppression issue." *Id.* Otherwise, according to Colley, Vaughan said "he would run the risk of doing 20 or more years rather than agree" to fifteen years of imprisonment and not get to appeal. *Id.* at Page ID 235; *see also id.* at Page ID 236–37 (additional testimony that Vaughan told Colley he would go to trial if the government would not let him preserve his right to appeal the suppression issue).

Vaughan testified that Colley told him "that if I lost at trial, that I was facing the possibility of a 30-year sentence. And he, you know, asked if we wanted to try to reach a deal then." *Id.* at Page ID 179–80. Vaughan attested, similar to Colley's testimony, that "[w]hen he [Colley] told me I was facing a possibility of a thirty-year sentence if I lost at trial that's when I offered to plead guilty openly if they would give me the right to appeal the suppression issue." *Id.* at Page ID 186. However, unlike Colley's testimony, Vaughan testified that Colley did not mention the fifteen-year plea offer during their meeting and so, Vaughan still did not know about it.

On the evening of the same day, July 25, 2011, Colley emailed the Government attorney stating that "Vaughan is seriously considering pleading open if the Government will consent to a Rule 11(a)(2) appeal of the Court's ruling on our suppression motion." R. 6-2, Page ID 67. The Government attorney wrote back that he could not agree to those terms, but "if you need another day to discuss with Mr. Vaughan whether he'd enter an open plea without agreement, please let me know." *Id.* Colley responded, "No, we'll try it. End of discussions." *Id.*

Vaughan and Colley dispute whether Colley told Vaughan that the Government had rejected Vaughan's offer for a conditional plea. Colley testified that he did not have a specific recollection of telling Vaughan that his offer had been rejected, but he likely got word to Vaughan. Vaughan argues that Colley did not tell him the Government had rejected the offer, but Vaughan admitted that his brother informed him that the 851 Information had been filed and so Vaughan "just assumed that that was the rejection of the offer." R. 33, Page ID 187.

Vaughan also contends that Colley did not tell him that the Government was willing to accept an open plea without preserving the right to appeal the suppression issue. At the hearing, Colley essentially agreed, but testified that he did not tell Vaughan about the open-plea offer because Vaughan "already told me where he was. He told me . . . when I visited him . . . [that] if the government was not interested in letting him plead open and preserve his right to appeal the suppression denial that he wanted to go to trial." *Id.* at Page ID 248.

On July 26, 2011, the day after the last email exchange, the Government filed the 851 enhancement, which shifted Vaughan's statutory range from five-to-forty years to ten years to life. Two weeks later, Vaughan's case proceeded to trial. Vaughan admitted that he knew he could have pled guilty up until the verdict was reached at the trial, but he decided not to do that because he believed he would not get a good plea deal at that stage.

B.    Analysis

"Courts are not required to conduct an analysis under both prongs of the [*Strickland*] inquiry. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient

prejudice . . . that course should be followed.'" *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003) (quoting *Strickland*, 466 U.S. at 697).

Thus, we turn to the issue of prejudice, as the district court did. Because the rejection of a plea offer led to trial, Vaughan must demonstrate the following:

> but for the ineffective advice of counsel there is a reasonable probability [1] that the plea offer would have been presented to the court (i.e., that [Vaughan] would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [2] that the court would have accepted its terms, and [3] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*McGowan v. Burt*, 788 F.3d 510, 514 (6th Cir. 2015) (quoting *Lafler*, 566 U.S. at 164).

Here, the crux of the issue is whether Vaughan demonstrated that there is a reasonable probability that he would have accepted (1) the fifteen-year term of imprisonment plea offer, or (2) the open-plea offer.

i.      The Fifteen-Year Plea Offer

Vaughan argues that he would have accepted the fifteen-year plea offer. During the evidentiary hearing, Vaughan was asked, "if you knew in March where the government was, that they were either contemplating a plea of a 15-year agreement or something in the area of 188 to 235 months, and that had been conveyed to you, what would you have done?" R. 33, Page ID 183. Vaughan stated that he "would have been interested in that," because he "knew at that point already that [he] had lost [the] suppression [issue]." *Id.* at Page ID 184. On the other hand, the Government argues that Vaughan would not have accepted the offer.

"Both accounts cannot be true." *Christopher v. United States*, 831 F.3d 737, 739 (6th Cir. 2016). We have held that "[f]aced with starkly different views of the facts, either one of which has ample evidence to support it, 'the factfinder's choice between them cannot be clearly erroneous.'" *Id.* (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)). "In he-

said, he-said cases like this one, that means the factfinder does not clearly err in picking one 'he' over the other so long as there is support for each account." *Id.*

That is the case here. The district court found that Vaughan would not have accepted the fifteen-year plea offer because there is evidence that belies Vaughan's contention. In support, the district court pointed out that Vaughan's interest in appealing the denial of his motion to suppress was evidenced by the emails in the record, as well as the testimony from *both* Vaughan and Colley at the evidentiary hearing that the suppression issue was a legitimate consideration in deciding whether to plead guilty or proceed to trial. For instance, during the evidentiary hearing, when pressed about whether he would have taken the fifteen-year plea offer, Vaughan also stated, "Well, he [Colley] had spoken so strongly about the suppression issue that I still would have asked for the chance to appeal that, but I would have, you know, worked harder to negotiate a plea deal." R. 23, Page ID 148. Vaughan was not clear that he would have accepted the plea deal that did not preserve his right to appeal the suppression issue. Accordingly, because the fifteen-year plea deal did not preserve Vaughan's right to appeal, the district court did not clearly err in holding that Vaughan has not demonstrated that there is a reasonable probability he would have accepted the offer.

Additionally, the district court cited Colley's testimony that Vaughan was focused on spending as little time incarcerated as possible, due to his cooperation with the Government on a case involving other federal detainees, as further evidence that Vaughan would not have accepted a term of imprisonment as lengthy as fifteen years.

On appeal, Vaughan asks us to find that the district court erred in finding Colley credible. It is true that at one point during the evidentiary hearing, when Colley was unable to recall if he had computed Vaughan's sentencing range when Vaughan was initially indicted, Colley admitted

that he had not reviewed his case file on Vaughan's matter prior to testifying. But this is not a basis for us to overturn the district court's credibility finding regarding Colley's testimony about Vaughan's cooperation with the Government. When Colley testified about Vaughan's cooperation, he provided specifics:

> The Assistant U.S. Attorney was Larry Moon, and Mr. Moon filed a motion after sentencing, which got Mr. Vaughan a substantial benefit. And then we—the rest of his time on that stint in federal prison we had to be careful that he was not housed with this fellow that he testified against or anybody in his gang. And with this newest bust in 2011, there was a lot of concern about we got to do whatever we can to keep him out of the federal system. [And n]ot do any federal time because those people . . . he felt would still be out to harm him.

R. 33, Page ID 224–25. Thus, we do not find that the district court erred in finding credible Colley's testimony concerning Vaughan's aversion to jail time, particularly because Colley provided specifics regarding Vaughan's cooperation with the Government in the prior case.

Based upon these facts—(1) the emails and both parties' testimony concerning Vaughan's desire to pursue the suppression issue on appeal, and (2) Colley's testimony that Vaughan was seeking to avoid federal time—the district court did not clearly err in holding that Vaughan has not demonstrated that there is a reasonable probability he would have accepted the fifteen-year plea offer.

ii.     The Open Plea Offer

Similarly, Vaughan has not demonstrated that there is a reasonable probability he would have accepted the open-plea offer. Like the fifteen-year plea offer, the open plea offer did not preserve the suppression issue for appeal.

Furthermore, during the hearing, when asked why he would have accepted an open plea "even though [he] didn't know if it [the sentencing range] was five years or 35 years," Vaughan responded, "Well, he [Colley] told me I was facing a possibility of 30 years if I lost at trial. So it

was my understanding if I took an open plea that it would have to have been better than facing a 30 at trial." *Id.* at Page ID 204–05. But Vaughan admitted that this was just a guess—he had no idea what his guidelines range was and thus what he could have been sentenced to if he accepted the open plea offer. *Id.* at Page ID 205.

Accordingly, acceptance of the open-plea offer meant that Vaughan could have been subject to a lengthy jail sentence, which he was trying to avoid. As we noted above, this supports the conclusion that Vaughan would not have accepted the open-plea offer.

## IV. CONCLUSION

The district court did not err. We therefore **AFFIRM** the district court's denial of Vaughan's § 2255 Motion to Vacate Judgment.