107 F.3d 872
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joe Ivory JOHNSON, Defendant-Appellant.
 No. 96-5566.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1997.
 
 1
 Before: NORRIS and MOORE, Circuit Judges; RUSSELL, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner moves for the appointment of counsel and appeals a district court judgment denying his motion for a new trial filed pursuant to Fed.R.Crim.P. 33. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, Joe Ivory Johnson was convicted of conspiracy to distribute and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Johnson to 204 months of imprisonment and five years of supervised release. The district court also imposed a $10,000 fine and a $100 special assessment. This court affirmed Johnson's conviction and sentence. United States v. Johnson, No. 93-5615, 1994 WL 49592 (6th Cir. Feb. 17, 1994), cert. denied, 115 S.Ct. 361 (1994).
 
 
 4
 Johnson moved for a new trial claiming that newly discovered evidence would have resulted in a different outcome to his trial. The district court denied Johnson's motion for a new trial in an order filed on January 10, 1996. Johnson moved for reconsideration of the court's judgment, and the district court denied that motion as well.
 
 
 5
 On appeal, Johnson claims that: 1) the trial court abused its discretion by denying his motion for a new trial; 2) a government witness committed perjury; and 3) the trial court erred in enhancing his sentence for his role in the offense.
 
 
 6
 The decision to grant or deny a motion for a new trial rests within the district court's sound discretion. United States v. Hawkins, 969 F.2d 169, 175 (6th Cir.1992) (per curiam), cert. denied, 506 U.S. 1069 (1993); United States v. Seago, 930 F.2d 482, 488 (6th Cir.1991). Motions for a new trial based upon newly discovered evidence are disfavored, Hawkins, 969 F.2d at 175, and this court will not reverse the district court's ruling on a motion for a new trial absent a clear abuse of discretion. Seago, 930 F.2d at 488 (citing United States v. O'Dell, 805 F.2d 637, 640 (6th Cir.1986), cert. denied, 484 U.S. 859 (1987)). The defendant bears the burden of showing that a new trial should be granted. Id. The defendant must establish that: 1) the new evidence was discovered after the trial; 2) the evidence could not have been discovered earlier with due diligence; 3) the evidence is material and not merely cumulative or impeaching; and 4) the evidence would likely produce acquittal. O'Dell, 805 F.2d at 640. The defendant must prove all four factors, United States v. Turner, 995 F.2d 1357, 1364 (6th Cir.), cert. denied, 510 U.S. 904 (1993), and such motions will be granted only sparingly. Hawkins, 969 F.2d at 175.
 
 
 7
 The district court did not abuse its discretion. Johnson claims that the government's witness (and Johnson's co-defendant), Michael Bowers, gave contradictory testimony with regard to whether the duffel bag that carried the cocaine was blue-and-white or purple. Johnson also cites to the affidavit of his brother (David Johnson), that indicates that Bowers was not present when the drugs were purchased, whereas Bowers testified that he was present when the drugs were purchased. Finally, Johnson cites the fact that the presentence report in his brother's case contains a factual account different from the testimony of Bowers. Thus, Johnson claims that these newly discovered discrepancies constitute proof that Bowers committed perjury at trial, and that the government and trial court knowingly used perjured testimony.
 
 
 8
 The evidence cited by Johnson is not newly discovered evidence for the purpose of Fed.R.Crim.P. 33. Michael Bowers testified at Johnson's trial and Johnson was obviously aware of Bowers's testimony during trial. In addition, Johnson was aware of his brother's participation in the conspiracy. Thus, although David Johnson's affidavit may be newly available, the information contained in the affidavit is not newly discovered evidence within the meaning of Rule 33. See United States v. Glover, 21 F.3d 133, 138 (6th Cir.), cert. denied, 115 S.Ct. 360 (1994). Moreover, all the evidence cited by Johnson could have been discovered before trial with due diligence. Therefore, Johnson fails to meet his burden of proving the first two O'Dell factors.
 
 
 9
 Moreover, the evidence cited by Johnson would not likely produce an acquittal. Johnson asserts that the government's case against him was based entirely upon Bowers's allegedly perjurious testimony. The record reveals, however, that the government's case rested in large part on tape recorded conversations, see Johnson, No. 93-5615, 1994 WL 49592 at * 4, and a "controlled delivery" of the cocaine to Johnson. Thus, Johnson fails to meet his burden of proving the third and fourth O'Dell factors, and the district court did not abuse its discretion in denying his motion for a new trial.
 
 
 10
 Johnson's remaining claims are meritless. Accordingly, Johnson's motion for the appointment of counsel is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation