*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0116P (6th Cir.)
File Name: 01a0116p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

JOE IVORY JOHNSON,
　　　　*Petitioner-Appellant,*

　　　*v.*　　　　　　　　　　　　　No. 98-5563

UNITED STATES OF AMERICA,
　　　　*Respondent-Appellee.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
Nos. 97-00944; 92-00144—Thomas A. Wiseman, Jr.,
District Judge.

Argued: October 24, 2000

Decided and Filed: April 16, 2001

Before: KENNEDY, SUHRHEINRICH, and MOORE,
Circuit Judges.

———————————

## COUNSEL

**ARGUED:** C. Mark Pickrell, Nashville, Tennessee, for Appellant. William Cohen, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee. **ON BRIEF:** C. Mark Pickrell, Nashville, Tennessee, for Appellant. Robert Anderson, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

1

---

**OPINION**

---

SUHRHEINRICH, Circuit Judge.   Petitioner Joe Ivory Johnson appeals the judgment denying his motion under 28 U.S.C. § 2255 (" § 2255") for habeas relief.  The district court dismissed the motion as untimely because it was filed more than one year after Johnson's direct appeal had become final. We **AFFIRM.**

**I.**

Petitioner was convicted by a jury of possession of a controlled substance with intent to distribute and was sentenced to 204 months of imprisonment.   Petitioner appealed his conviction and sentence to this Court.   We affirmed on February 17, 1994. *See United States v. Johnson,* No. 93-5615, 1994 WL 49592 (6th Cir. February 17, 1994) (unpublished per curiam).   The Supreme Court denied certiorari on October 17, 1994. *See Johnson v. United States*, 513 U.S. 949 (1994).

On November 14, 1995, Petitioner filed a timely motion under Fed. R. Crim. P. 33 ("Rule 33") for a new trial based on newly discovered evidence of false testimony.[1]   Petitioner submitted an affidavit of David Johnson, his brother, stating

---

[1]Petitioner's Rule 33 motion was governed by a now superseded version of the rule, which provided, in pertinent part:

> The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. . . . A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment . . . .   A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.

Fed. R. Crim. P. 33 (superseded 1998).

**B.**

Petitioner also argues that his § 2255 motion was timely because it was brought within one year of the discovery of new evidence of ineffective assistance of counsel. This argument was not listed in the certificate of appealability, and we therefore cannot consider it. *See* 28 U.S.C. § 2253(c)(1)(B); *In re Certificates of Appealability*, 106 F.3d 1306, 1308 (6th Cir. 1997) ("In the briefing letter to the parties, the clerk shall state that the court of appeals will not entertain any issue that lacks district court or court of appeals certification"). In any event, the "new evidence" Petitioner alleged in connection with his ineffective assistance of counsel argument was identical to the "new evidence" he asserted as part of his Rule 33 motion in 1995. He thus did not bring his § 2255 motion within one year of the discovery of the alleged new evidence.

**III.**

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

that the Government's witness, Gary Bowers, had lied at trial. Petitioner also presented facts introduced at David Johnson's sentencing further indicating that Bowers had lied at trial. *See United States v. Johnson,* No. 96-5566, 1997 WL 63151, at *1 (6th Cir. February 12, 1997) (unpublished per curiam). The district court denied his Rule 33 motion. On February 12, 1997, this court affirmed the denial. We concluded that the evidence was not "newly discovered" within the meaning of Rule 33, and that in any event, the evidence would not likely have produced an acquittal. *See id.* at *2.

On September 10, 1997, Petitioner moved under § 2255 to vacate his conviction and sentence. On January 14, 1998, the district court dismissed his § 2255 petition as untimely because he did not file it within one year after the end of his direct appeal in this Court. Petitioner moved for reconsideration on January 28, 1998, which was denied on April 3, 1998. He appealed on April 17, 1998. This Court granted a certificate of appealability on July 14, 1999, limited to one issue: "whether a timely motion seeking a new trial under Fed. R. Crim. P. 33 serves to render a judgment of conviction as not final for purposes of the running of the one-year statute of limitations under 28 U.S.C. § 2255."

**II.**

**A.**

The principal question in this case is the effect of Petitioner's Rule 33 motion on the limitation period contained in 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241-2266. After the AEDPA's enactment, § 2255 provides a one-year limitation period that runs from the latest of four events, one of which is the date on which the judgment of conviction becomes "final."[2] Petitioner claims

---

[2] Section 2255 provides, in pertinent part:

A 1-year period of limitation shall apply to a motion under this

that his Rule 33 motion prevented his conviction from becoming "final" for § 2255 purposes until February 12, 1997, when this Court affirmed the denial of the motion. Stated differently, Petitioner argues that § 2255 entitles him to file a petition within one-year of final judgment, which means completion of direct review, and that direct review cannot be complete until post-trial remedies such as Rule 33 motions based on new evidence are resolved through the appellate level.

Although the AEDPA does not expressly define when a conviction becomes "final," we presume Congress to have been aware that, for purposes of a collateral attack, a conviction becomes final at the conclusion of direct review. *See United States v. Torres*, 211 F.3d 836, 839 (4th Cir. 2000). As a general rule, direct review for a federal prisoner who files a petition for certiorari with the Supreme Court concludes when the Court either denies the petition or decides the case on the merits. *See id.*[3] Therefore, absent the Rule 33

---

section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

. . .

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, paragraph six.

[3] We need not consider when a conviction becomes final under § 2255 where the petitioner does not seek certiorari review. While this Circuit has yet to address the issue, other circuits have come to conflicting conclusions. *Compare Gendron v. United States*, 154 F.3d 672, 674 (7th Cir. 1998) (holding that where no petition for certiorari is filed, conviction becomes final upon court of appeal's mandate), *with United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000) (holding that without a petition for certiorari, conviction becomes final when time for seeking certiorari review expires), *and United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000) (same), *and Kapral v. United States*, 166 F.3d 565,

---

limitation period.[7] We recognize that because related, if not identical, claims may be pursued under both Rule 33 and § 2255, these two provisions overlap to some extent. Because of this overlap, their different limitation periods create tension. Nevertheless, nothing prevents a petitioner, upon discovering new evidence, from filing motions under both Rule 33 and § 2255. The district court may then consolidate the motions, or stay the timely filed § 2255 motion pending the outcome of the Rule 33 motion.[8] *See United States v. Prescott*, 221 F.3d at 689; *O'Connor v. United States*, 133 F.3d at 550-51. We think that this rule strikes the appropriate balance between the competing concerns of Rule 33 and the AEDPA.

---

[7] A related issue which we need not address is whether AEDPA's limitation period is subject to equitable tolling. *See, e.g., Prescott*, 221 F.3d at 688 (concluding that § 2255's limitation period is not jurisdictional, and therefore may be equitably tolled); *Taliani v. Chrans*, 189 F.3d 597 (7th Cir. 1999) (same). Apparently, this Circuit has not yet considered the issue in a published opinion, *see Doran v. Birkett*, No. 99-1639, 2000 WL 282882 (6th Cir. March 13, 2000), and the issue is not properly before us today.

[8] We express no view on whether there may be an issue of successive petitions when a petitioner files, within the first year following his conviction, both a Rule 33 motion for a new trial and a petition for relief pursuant to 28 U.S.C. § 2255. Under § 2255, a "successive" petition is subject to a rigid screening mechanism designed to allow only those petitions that involve (1) newly discovered evidence that "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255, paragraph eight. The issue whether a Rule 33 motion for a new trial may be treated as a § 2255 petition is not before us today, nor need we address any proposed method for managing new trial motions and § 2255 petitions when filed either concurrently or successively, so as to alleviate the burden of any potential successive petition problems on § 2255 petitioners.

WL 786200, at *2; *see also Seago,* 930 F.2d at 489.  Because a collateral challenge is a separate proceeding that does not interfere with the finality of the judgment that is attacked, a delayed Rule 33 motion has no *per se* impact on the AEDPA

---

§ 2244(d)(1)(A), a statute of limitations provision for habeas petitioners in the custody of the states, which provides that the one-year period of limitations for filing a petition for a writ of habeas corpus begins to run on the "'date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Id.* at 282 (quoting § 2244(d)(1)(A)).  The *Bronaugh* court held that an application to reopen the direct appeal due to the ineffective assistance of appellate counsel, pursuant to Ohio R. App. P 26(B), was part of the "direct appeal process," and that thus the one-year statute of limitations for filing a habeas petition should be tolled during the time in which such an application is pending in the state courts.

    No compelling analogies to *Bronaugh* can be drawn in this case, however.  *Bronaugh* considered an Ohio provision which allows the direct appeal itself to be reopened upon a showing of ineffective assistance of appellate counsel.  *See id.* at 285-86.  In acknowledging an Ohio Rule 26(B) application to be part of the direct appeal, the *Bronaugh* court was simply following this court's holding in *White v. Schotten*, 201 F.3d 743, 752-53 (6th Cir.), *cert. denied*, 121 S. Ct. 332 (2000), which held that because the Supreme Court of Ohio did not consider an Ohio Rule 26(B) application to be proper in a state habeas proceeding, it must still be part of the activities related to the direct appeal itself. Furthermore, rather than waiting to run § 2244(d)'s one-year statute of limitations until the petitioner's Ohio Rule 26(B) application had completed its course in the state courts, the *Bronaugh* court only tolled the statute of limitations while the Ohio Rule 26(B) application was pending. *Bronaugh*, 235 F.3d at 236.  This prevented the petitioner from gaining "any benefit from his delay" in bringing the application. *Id.*

    Unlike the Ohio provision at issue in *Bronaugh*, which explicitly permitted the reopening of the *direct* appeal, the petitioner in this case, pursuant to Federal Rule of Criminal Procedure 33, seeks a new trial altogether.  The unique factors and precedent dictating that an Ohio Rule 26(B) application be considered part of the direct appeal do not apply to Rule 33 motions, which are at issue in this case.  Moreover, like the court in *Bronaugh*, this Court is concerned with a petitioner's ability to forestall indefinitely the running of AEDPA's one-year statute of limitations simply through the delinquent filing of a post-trial motion.

---

motion, it would be undisputed that Petitioner's judgment of conviction became final when the Supreme Court denied certiorari on October 17, 1994 – well before April 24, 1996, the effective date of the AEDPA.  In cases where the conviction became final prior to AEDPA's effective date, we have granted a one-year grace period from the AEDPA's effective date for defendants to seek § 2255 relief. *See Hyatt v. United States*, 207 F.3d 831, 833 (6th Cir. 2000).  Thus, Petitioner would have had until April 24, 1997, to file his § 2255 motion.  Because he did not file the motion until September 10, 1997, it would be barred.  However, if Petitioner's Rule 33 motion prevented his judgment of conviction from becoming final until February 12, 1997, the date this Court affirmed Petitioner's denial, then Petitioner's motion would be timely.

    To determine whether Petitioner's Rule 33 motion affects the "finality" of his conviction, we must consider whether such a motion is part of direct review, or is instead a collateral challenge.  Mindful that Petitioner's motion was based on new evidence and was filed after the expiration of the ten-day period for seeking appellate review provided in Federal Rule of Appellate Procedure 4(b), we think that compelling reasons justify treating Petitioner's Rule 33 motion as a collateral challenge.[4]

    A delayed Rule 33 motion is usually not part of "any critical process leading from trial to direct appeal." *See United States v. Williams*, No. 97-6517, 1998 WL 786200, at *2 (4th Cir. Nov. 12, 1998) (unpublished) (concluding that a Rule 33 motion based on new evidence is akin to a collateral proceeding, and thus a defendant has no right to appointed counsel to file such a motion).  As stated in *Williams*, delayed Rule 33 motions are not necessary "to preserve or sharpen

---

577 (3d Cir. 1999) (same).

[4]Due to the nature and timing of Petitioner's motion, it will be described hereinafter as a "delayed" Rule 33 motion.

issues for appeal." *See id.* "Nor [are they] made for the purpose of giving the trial judge an opportunity to correct errors in order to avoid a direct appeal." *See id.* Along these same lines, we have held that because of their timing and nature, delayed Rule 33 motions share identical "'finality implications and practical considerations'" with collateral attacks. *United States v. Seago*, 930 F.2d 482, 489 (6th Cir. 1991) (quoting *United States v. Ellison*, 557 F.2d 128, 133-34 & n.3 (7th Cir. 1977)).[5]

We find additional support in the notice of appeal requirement contained in Federal Rule of Appellate Procedure 4(b) for our conclusion that a delayed Rule 33 motion is a collateral challenge separate from the direct appeal. Under that rule, if a Rule 33 motion that is not based on newly discovered evidence is filed within the seven-day period, then the "notice of appeal from a judgment of conviction must be filed within 10 days after the entry of the order disposing of the [Rule 33] motion, or within 10 days after the entry of the judgment of conviction, whichever period ends later." Fed. R. App. P. 4(b)(3)(A). In other words, the ten-day period for filing a notice of appeal is tolled while a Rule 33 motion not based on new evidence is pending, and begins to run anew after the order disposing of the motion. Similarly, the period for filing a notice of appeal is tolled while a Rule 33 motion based on new evidence is pending, so long as that motion is filed within ten days after the entry of the judgment of conviction. *See* Fed. R. App. P. 4(b)(3)(A)(ii). However, if a Rule 33 motion based on new evidence is filed later than ten days after the entry of the judgment, a defendant wishing to

---

[5]In *Seago*, 930 F.2d at 488, the specific issue we addressed was whether evidence of ineffective assistance of counsel could be "newly discovered" for purposes of a delayed Rule 33 motion, where the facts supporting the claim were within the defendant's knowledge at the time of trial. *See id.* We concluded that such evidence could not be newly discovered under Rule 33, and stressed that a narrow interpretation of "newly discovered" is justified by the heightened finality concerns and practical implications of Rule 33 motions based on new evidence. Thus, although *Seago* is not directly on point, it is persuasive authority from this Circuit for equating a delayed Rule 33 motion with a collateral challenge.

appeal the denial of the Rule 33 motion must file a second notice of appeal, even if the first appeal of right is still pending. *See United States v. Spillan*, No. 91-3539, 1992 WL 92672, at *6 (6th Cir. April 23, 1992) (unpublished) (holding that despite potential for consolidation, independent notice of appeal is necessary to confer jurisdiction on court of appeals). Thus, just as we do today, the Rules of Appellate Procedure draw a distinction between timely Rule 33 motions filed within ten days after the entry of the judgment of conviction and those that are filed more than ten days after the entry of the judgment of conviction.

Our holding that delayed Rule 33 motions do not affect the finality of a judgment for purposes of the AEDPA also furthers the AEDPA's strong preference for swift and final adjudication of § 2255 motions, as expressed through its strict limitation period and constraints on successive petitions. Petitioner's reading of Rule 33 would severely undercut Congress' intent in enacting the AEDPA by greatly extending the time in which a petitioner may properly bring a § 2255 challenge. Petitioner's argument, in essence, is that the AEDPA one-year limitation period cannot begin to run until all delayed Rule 33 motions are resolved and the time period for bringing a delayed Rule 33 motion has expired. Thus, the rule Petitioner advocates, as applied to his case, would mean that the AEDPA limitation period would not expire until, at the earliest, three years after his conviction became final. The potential for abuse of such a rule is evident: every defendant seeking to file an untimely § 2255 motion could do an end-run around the AEDPA limitation period by filing a timely, but ultimately meritless, Rule 33 motion.

Therefore, we hold that a Rule 33 motion based on new evidence and filed after the ten-day period provided in Fed. R. App. P. 4(b)(3) must be treated as a collateral challenge for purposes of § 2255's limitation period.[6] *See Williams*, 1998

---

[6]Although the parties have not presented the argument, we believe it is prudent to distinguish this Court's recent decision in *Bronaugh v. Ohio*, 235 F.3d 280 (6th Cir. 2000). *Bronaugh* applied 28 U.S.C.