[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-10856
Non-Argument Calendar

_____

D. C. Docket Nos.
04-21529-CV-UUB
99-00417-CR-UUB

TRACEY JAMES BARNES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 24, 2006)**

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Tracey James Barnes, a federal prisoner, appeals the dismissal of his 28 U.S.C. § 2255 motion to vacate as time-barred. Barnes filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L No. 104-132, 110 Stat. 1214 (1996); therefore the provisions of that act govern his appeal. Barnes argues that the filing of a Federal Rule of Criminal Procedure 33 motion for a new trial either became a part of the direct appeal of his conviction and sentence or, in the alternative, tolled the one-year limitation for timely filing his § 2255 motion. For the reasons set forth more fully below, we affirm.

On June 23, 2004, Barnes, a federal prisoner serving a 235-month sentence for knowingly enticing an individual to travel in interstate commerce to engage in prostitution, in violation of 18 U.S.C. § 2422, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), filed a motion to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255.

The record reflects that Barnes was convicted and sentenced on October 31, 2000, and filed a direct appeal on November 1, 2000. On December 12, 2001, while his direct appeal was still pending, Barnes filed a Rule 33 motion for a new trial in the district court based on newly discovered evidence. Shortly thereafter, on January 17, 2002, we affirmed Barnes's convictions and sentences in an

2

unpublished opinion. Barnes then filed a petition for a writ of <u>certiorari</u> with the Supreme Court, which was denied on October 7, 2002. <u>See</u> <u>Barnes v. United States</u>, 537 U.S. 829, 123 S.Ct. 126, 154 L.Ed.2d 43 (2002).

On August 1, 2002, after we had affirmed Barnes's convictions and sentences, but prior to the Supreme Court's denial of his petition for a writ of <u>certiorari</u>, the district court entered its order denying Barnes's motion for a new trial without an evidentiary hearing. Barnes appealed the district court's order, and we affirmed in an unpublished opinion dated May 23, 2003.

Based on the foregoing, the government argued that Barnes's conviction became final more than two years before he filed his § 2255 motion, making his application untimely under the AEDPA, and that Barnes's motion for a new trial did not stop the one-year clock from running. Barnes responded that, because his motion for a new trial was filed while his direct appeal was still pending, it was filed before the one-year limitation period began to run, and it would have wasted judicial resources to require him to file a § 2255 motion while awaiting the district court's ruling on his new trial motion. Barnes further argued that his Rule 33 motion should be treated as a direct, not collateral attack, on his conviction, should preserve his right to pursue a § 2255 motion, and, therefore, the one-year limitation period should be deemed to have begun on the date that we affirmed the district

3

court's denial of his motion for a new trial. In the alternative, Barnes requested that the court equitably toll the one-year limitation period while his motion for a new trial remained pending.

The magistrate judge issued a report recommending that Barnes's motion be dismissed as time-barred, finding that nothing in AEDPA prevented a defendant from choosing between filing a Rule 33 motion for a new trial or filing a § 2255 motion to vacate and that the standards for granting relief were different for each respective motion. The report noted that there already existed a mechanism by which certain motions for a new trial become part of the "direct appeal," tolling the one-year limitations period for filing § 2255 motions, and that a motion for a new trial based on newly discovered evidence filed after the appellate process had begun was not one of them. Thus, the magistrate found that it was the filing of a Rule 33 motion before the direct appeal commenced, not the filing of a motion during the pendency of the appeal or after the appeal had been resolved, that was the distinction of merit, and ultimately, the magistrate concluded that Barnes's motion was time-barred by the AEDPA's one-year limitation period. Lastly, it rejected Barnes's request for equitable tolling, finding that he had not established any ground that would warrant it.

The district court adopted and affirmed the magistrate's report, noting that

4

Barnes had not filed any objections to the report. The district court denied his motion, and subsequently denied his request for a certificate of appealability (COA). After construing Barnes's notice of appeal as a motion for a COA, we issued a COA on the following issue only: "whether the district court erred in dismissing appellant's 28 U.S.C. § 2255 motion as time-barred."

On appeal, Barnes argues that AEDPA's one-year limitation period should have been tolled while his Rule 33 motion was pending. Barnes asserts that, because his motion for a new trial was filed before his direct appeal had been decided, the failure to treat that motion as part of the direct appeal results in a waste of judicial resources by requiring the court to consider similar claims raised in both a § 2255 motion and a Rule 33 motion for a new trial. Barnes argues that we should not require district courts to follow the "glib remedial scheme" of having to file motions under both Rule 33 and § 2255, even if the claims are related or identical. Barnes suggests a third option of requiring district courts to inform defendants of the existence of a § 2255 motion, which would allow defendants to file such a motion and consolidate it with a Rule 33 motion or defer adjudication of the Rule 33 motion until after the § 2255 motion is decided.

We review a district court's determination that a motion to vacate is time-barred de novo. Jones v. United States, 304 F.3d 1035, 1037 (11th Cir.

2002).  The AEDPA "established a mandatory, one-year 'period of limitation' for

§ 2255 motions, which runs from the latest of the following events:"

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Jones, 304 F.3d at 1037-38 (citing 28 U.S.C. § 2255(1)-(4)).  The parties agree that

the issue in dispute is the date on which Barnes's judgment of conviction became

final.

We have held that "a conviction is final on the day that the Supreme Court

denies a convicted defendant's certiorari petition or renders a decision on the

merits."  Jones, 304 F.3d at 1038 n.5.  Accordingly, barring an exception, when the

Supreme Court denied Barnes's petition for certiorari on October 7, 2002, his

convictions, for purposes of AEDPA, became final, and the one-year time

limitation for filing a § 2255 motion began.

6

Barnes argues that the filing of a Rule 33 motion for a new trial before his direct appeal was decided should serve to extend the date of finality to the date on which the denial of that Rule 33 motion is affirmed on direct appeal, or, in the alternative, should serve to toll the period in which to file a § 2255 motion pending a ruling on the Rule 33 motion. Barnes offers no precedent for this reading of AEDPA's requirements, but relies instead on policy arguments of judicial economy and unnecessary duplicative litigation.

In <u>Jones</u>, we discussed the holdings of other circuits in the context of deciding whether the petitioner in that case was entitled to equitable tolling of the statute of limitations. <u>Id.</u> at 1039-1045. The issue presented here is not exactly the one addressed in <u>Jones</u>, and is one of first impression in this Circuit. However, the cases cited by <u>Jones</u> support the district court's decision to dismiss Barnes's § 2255 motion as time-barred.

The case relied upon most heavily by the district court was <u>United States v. Prescott</u>, 221 F.3d 686, 687 (4th Cir. 2000), where the Fourth Circuit squarely addressed whether the pendency of a motion for a new trial under Rule 33 tolled the one-year statute of limitations for § 2255 motions.[1] In rejecting the petitioner's

---

[1] It is noted that, in <u>Prescott</u>, the petitioner had filed a Rule 33 motion for a new trial in the "interests of justice," not on the basis of newly discovered evidence. The analysis, however, is pertinent because nothing prevented Barnes from filing a timely § 2255 motion while his Rule 33 motion was pending.

argument that allowing § 2255 motions to be filed before the resolution of Rule 33 motions would clog the dockets, the Fourth Circuit noted that, while "Rule 33 and § 2255 overlap to some extent, there are critical differences which make it unlikely . . . that Rule 33 will be eviscerated." Id. at 688. The court distinguished between the discretion afforded to district courts under Rule 33 and the more stringent requirements for granting relief under § 2255, and concluded that the petitioner's "current predicament originated not in his decision to request a new trial . . . but his inattention to the limitation period of § 2255." Id. Secondly, the court noted that, in some instances, a § 2255 motion could be filed while a Rule 33 motion was pending on appeal, but concluded that such an event would not impede courts from giving due consideration and process to a petitioner's motion. Id. at 689. Finally, the court concluded that the tolling provisions in 28 U.S.C. § 2244(d)(2) for state habeas proceedings indicated that Congress was aware of post-conviction relief proceedings and deliberately chose not to add any exhaustion requirements to § 2255 motions. Id.

Turning to the next case, in Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001), the Sixth Circuit addressed whether "a timely motion seeking a new trial under Fed.R.Crim.P. 33 serves to render a judgment of conviction as not final for purposes of the running of the one-year statute of limitations under 28 U.S.C. § 2255." The petitioner there argued that direct review could not have been

completed until post-trial remedies, such as Rule 33 motions based on new evidence, had been resolved through the appellate level. Id. The Sixth Circuit concluded that a Rule 33 motion filed after the 10-day period for seeking appellate review provided in Federal Rule of Appellate Procedure 4(b) was a collateral challenge separate from a direct appeal. Id. at 658-59. The court indicated that its holding furthered the AEDPA's "strong preference for swift and final adjudication of § 2255 motions" and noted that the petitioner's proposed rule would mean that AEDPA's one-year limitation period could not begin to run until all delayed Rule 33 motions were resolved and the time period for bringing a delayed Rule 33 motion had expired. Id. at 659. The Sixth Circuit believed that such a rule would permit "every defendant seeking to file an untimely § 2255 motion [to] do an end-run around the AEDPA limitation period by filing a timely, but ultimately meritless, Rule 33 motion." Id. In closing, the court concluded that a delayed Rule 33 motion had no per se impact on the AEDPA limitation, although it recognized, as did the Fourth Circuit in Prescott, that:

> because related, if not identical, claims may be pursued under both Rule 33 and § 2255, these two provisions overlap to some extent. . . . Nevertheless, nothing prevents a petitioner, upon discovering new evidence, from filing motions under both Rule 33 and § 2255. The district court may then consolidate the motions, or stay the timely filed § 2255 motion pending the outcome of the Rule 33 motion.

Id. at 660.

9

The First Circuit considered a nearly identical issue as in <u>Johnson</u>, and, like the Sixth Circuit, the court rejected the argument that a Rule 33 motion for a new trial was part of the "direct appeal" process, unless it was incorporated under Rule 4(b), and explicitly held that the petitioner's one-year limitation period began to run on either the date the court's mandate in his original appeal issued or when the time for filing his petition for <u>certiorari</u> with the Supreme Court expired.[2] <u>Trenkler v. United States</u>, 268 F.3d 16, 22 (1st Cir. 2001).  Secondly, the <u>Trenkler</u> court, like the Sixth Circuit in <u>Johnson</u>, rejected the notion that the tolling provisions for state habeas petitions implied a similar exhaustion requirement or tolling provision for federal motions to vacate under § 2255.  <u>Id.</u> at 22-23.  The court noted that the petitioner was free to file his § 2255 motion without fear that it would be dismissed for failing to exhaust post-conviction remedies, but, like in <u>Prescott</u> and <u>Johnson</u>, noted the potential inefficiencies of dual motions and the overlap between § 2255 and Rule 33.  <u>Id.</u> at 23-24.  However, the court held that AEDPA's one-year statute of limitations would sometimes require a prisoner to initiate duplicative proceedings, and district courts were well equipped to alleviate the problem through consolidation of motions for collateral relief.  <u>Id.</u> at 24.

We have not published an opinion directly addressing the issues raised by

---

[2] At that time, the First Circuit had not decided when a conviction became final under § 2255(1) when a defendant opted not to seek <u>certiorari</u>.  <u>Trenkler</u>, 268 F.3d at 22 n.5.

Barnes in this appeal.  However in <u>Jones</u>, we cited <u>Prescott</u>, <u>Johnson</u>, and <u>Trenkler</u> favorably on the issue of equitable tolling, an issue not raised in this appeal.  See <u>Jones</u>, 304 F.3d at 1040-42.  We are persuaded by the analysis of our sister circuits and now conclude that a Rule 33 motion for a new trial is neither a continuation or extension of a direct appeal, nor does it serve to toll AEDPA's one-year limitation period for filing a § 2255 motion.

We conclude, therefore, that Barnes's motion for a new trial, even though it was filed while his direct appeal was pending, did not constitute a continuation or an extension of that direct appeal, but was, for the reasons set forth in <u>Johnson</u> and <u>Trenkler</u>, a collateral motion on his conviction that the district court had jurisdiction to entertain notwithstanding the fact that Barnes's direct appeal was pending.  See <u>United States v. Khoury</u>, 901 F.2d 975, 976 n.3 (11th Cir. 1990) (<u>citing</u> <u>United States v. Cronic</u>, 466 U.S. 648, 667 n. 42, 104 S.Ct. 2039, 2051 n.42, 80 L.Ed.2d 657 (1984)); <u>see also</u> Fed.R.Crim.P. 33(b)(1).  Therefore, Barnes's Rule 33 motion had no effect on when his conviction became "final" for the purposes of triggering AEDPA's one-year statute of limitations, and he had one year following the Supreme Court's denial of his petition for <u>certiorari</u> in which to file a § 2255 motion.  Accordingly, we conclude that Barnes's § 2255 motion, filed nearly two years after the Supreme Court denied him <u>certiorari</u>, was untimely.

Moreover, we note, as the Fourth Circuit did in <u>Prescott</u>, <u>supra</u>, that § 2255

11

does not contain the same exhaustion and tolling provisions as state habeas petitions filed under 28 U.S.C. §§ 2244 and 2254. Accordingly, filing a Rule 33 motion for a new trial does not serve as a prerequisite to a § 2255 motion, nor does it toll the period of time for timely filing a § 2255 motion.

Barnes alternatively requests that we consider a procedure suggested by the concurring opinion in <u>Prescott</u>. In that concurring opinion, one circuit judge agreed that the § 2255 procedures did not, as currently written, permit the tolling of the limitations period during the pendency of a motion for a new trial. <u>Prescott</u>, 221 F.3d at 690 (King, J. concurring). Writing solely to "highlight a few issues," the concurrence suggested that Congress take note of the absence of any provision concerning § 2255 motions that would take into account other collateral challenges to a conviction and perhaps enact a provision to resolve them either before a § 2255 motion is filed or to consolidate the various motions and require district courts to consider them together. <u>Id.</u> Specifically, the concurrence suggested that district courts ask prisoners filing Rule 33 motions whether they intended to file § 2255 motions, giving those defendants and the district courts a chance to review all collateral challenges in one consolidated case. <u>Id.</u> Notably, however, the concurrence recognized that the present Congressional drafting of the statute prevented relief for the petitioner in that case, and we, similarly, decline to adopt a new procedure for § 2255 motion that has not been prescribed by Congress. <u>Id.</u>

12

Our sister circuits have summarized the potential pitfalls of permitting similar or identical claims to be pursued in Rule 33 and § 2255 motions, but we conclude that the system, as it has been set forth by Congress, is adequately dealt with by the district courts. The standards for granting relief under Rule 33 and § 2255 are, as explained in <u>Trenkler</u>, quite different, but the filing deadlines for each are, and for the time being remain, independent of one another. <u>Trenkler</u>, 268 F.3d at 24.

Furthermore, as was discussed in the concurring opinion in <u>Prescott</u>, the remedy for the situation as it exists lies with Congress, not this Court. Until and unless Congress changes the scheme for § 2255 motions, prisoners such as Barnes must be aware of AEDPA's strict deadline on § 2255 motions. In the instant case, Barnes still had four months following our decision affirming the district court's denial of his Rule 33 motion in which to timely file a § 2255 motion. Like the petitioner in <u>Prescott</u>, Barnes's "current predicament originated not in his decision to request a new trial pursuant to Rule 33, but his inattention to the limitation period of § 2255." <u>Prescott</u>, 221 F.3d at 688.

For the foregoing reasons, we conclude that Barnes's § 2255 motion was untimely, and, therefore we affirm the district court's dismissal of Barnes's motion as time-barred.

**AFFIRMED.**

13