# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-60195

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STARSKY DARNELL REDD,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi

Before DAVIS, SMITH, and OWEN, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Starsky Redd appeals the determination that his 28 U.S.C. § 2255 motion is time-barred. We affirm.

I.

Redd was found guilty and sentenced. He filed a notice of appeal in May 2002, and in July 2002 he filed a Federal Rule of Criminal Procedure 33 motion

for a new trial. The district court denied the motion in September 2002, because Redd had already filed his appeal. Redd appealed that decision, and that appeal was consolidated with his initial, direct appeal.

In December 2003, this court affirmed Redd's conviction and sentence but found the new trial issue was properly before the district court and ordered that court to examine the motion on its merits. *United States v. Redd*, 355 F.3d 866 (5th Cir. 2003). Redd sought no petition for writ of certiorari.

The district court denied Redd's motion for a new trial, and this court affirmed. *United States v. Redd*, No. 04-60661, 2005 WL 1926523 (5th Cir. Aug. 12, 2005). On August 4, 2006, Redd filed his certiorari petition, which the Supreme Court denied. *Redd v. United States*, 549 U.S. 930 (2006).

In November 2006, Redd filed a § 2255 motion to vacate his conviction and sentence. The district court found that the motion was time-barred, and Redd appeals.

## II.

We review the district court's factual findings relating to a § 2255 motion for clear error and its conclusions of law *de novo*. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (*citing United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999)). The district court's reason for dismissing Redd's § 2255 motion as time-barred is that it was filed more than one year after Redd had failed to petition for certiorari in his initial case before this court. Redd claims the district court erred in saying that his rule 33 motion for a new trial did not toll limitations for his § 2255 motion. In the alternative, he contends that equitable tolling was warranted for his § 2255 motion and that the government waived the limitations defense by failing to raise it.

A.

Section 2255(f)(1) provides Redd with a one-year period in which to file his motion, running from "the date on which the judgment of conviction becomes final."[1] For § 2255(f)(1), "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003) (citations omitted). The question before us is on what date Redd's conviction became final for purposes of § 2255(f)(1). The government argues that finality attached ninety days after Redd failed to petition timely for a writ of certiorari.[2] Redd argues that his rule 33 motion for new trial tolled § 2255's limitations and, therefore, because he filed his § 2255 motion within one year of the denial of his petition for certiorari that was filed to contest the denial of his rule 33 motion, his § 2255 motion was timely.[3]

Although this court has never considered whether the pendency of a rule 33 motion tolls § 2255's limitations, every other circuit to examine the issue has decided, as a general proposition, that there is no tolling. The first decision to address the issue was *United States v. Prescott*, 221 F.3d 686 (4th Cir. 2000). There, the defendant appealed his conviction, then filed his rule 33 motion, but the district court denied the motion after the court of appeals had affirmed the conviction. *Id.* at 687. After the rule 33 motion was denied, the defendant ap-

---

[1] There are three other grounds under § 2255 that can trigger the running of the one-year limitations period, but none of those grounds applies. *See* 28 U.S.C. § 2255(f)(2)-(4).

[2] The ninety-day period stems from the Supreme Court rule that "a petition for a writ of certiorari . . . is timely when it is filed . . . within 90 days after entry of judgment." SUP. CT. R. 13.1.

[3] Even though Redd filed his certiorari petition more than ninety days after this court had affirmed the denial of his rule 33 motion, the fact that the Supreme Court considered and denied the petition started the statute of limitations from the date of the denial of the writ. "Finality attaches when this Court . . . denies a petition for a writ of certiorari . . . ." *Clay*, 537 U.S. at 527.

pealed that decision, and the court of appeals again affirmed. *Id.* The defendant believed that § 2255's limitations began to run only after his second appeal was denied. *Id.* He argued that a ruling in the alternative would eviscerate rule 33 and clog appellate dockets. *Id.* at 688.

The circuit disagreed, concluding that rule 33 offers benefits to prisoners that § 2255 does not provide, such as a more favorable standard of review, and that district courts are easily capable of hearing both rule 33 and § 2255 motions without overloading their dockets. *Id.* at 688-89. The court also noted that Congress's addition of state prisoner habeas review in 28 U.S.C. § 2254(d)(2) showed that Congress knew it could have inserted language tolling a § 2255 petition for a rule 33 motion but decided not to do so. *Id.* at 689. The court then held that rule 33 motions for a new trial do not toll § 2255 limitations.

At least three other circuits have held that the filing of a rule 33 motion does not toll limitations for § 2255. *See Barnes v. United States*, 437 F.3d 1074, 1079 (11th Cir. 2006); *Trenkler v. United States*, 268 F.3d 16, 22 (1st Cir. 2001); *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2000).[4] "A Rule 33 motion based on new evidence and filed after the 10-day period for filing a notice of appeal must be treated as a collateral challenge for the purpose of the limitation period of 28 U.S.C. § 2255 for habeas relief." 26 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 633.30[3], at 633-63 (3d ed. 2008) (*citing Johnson*, 246 F.3d at 659-60).

Thus, a delayed rule 33 motion "does not prevent a judgment of conviction from becoming final" for § 2255 purposes. *Id.* We agree with our sister circuits and the cited leading treatise: A rule 33 motion filed more ten days after the

---

[4] In addition, in *O'Connor v. United States*, 133 F.3d 548, 551 (7th Cir. 1998), the court did not examine this precise issue but found that a district court could consider a § 2255 motion while an appeal was pending for a new trial.

entry of judgment[5] does not toll § 2255's one-year statute of limitations, because it is a collateral attack and not a direct appeal. *See Johnson*, 246 F.3d at 657.

Redd claims, however, that he can prevail even though we have adopted the holding of the other circuits. Redd argues that a defendant should be able to file a rule 33 motion "shortly after" filing a notice of appeal and be allowed to wait until the rule 33 motion has been decided before § 2255's statute of limitations begins to run. He claims that such a situation would be different from allowing rule 33's three-year limitations period to run before starting the running of § 2255's limitations.[6]

Redd's proposed tolling rule––allowing tolling for someone who files a rule 33 motion "shortly after" conviction––has no basis in the text of rule 33 or Federal Rule of Appellate Procedure 4(b). "Shortly after" would have no bounds and would have to be extended to the three-year limitations contained in rule 33. In addition, Redd never argues that those rule 33 motions would be considered collateral attacks as distinguished from direct appeals. Because his suggested reading of rule 33 and § 2255 has no basis in plain text and would work to extend limitations for § 2255 to effectively three years, we reject it.

Redd also contends that failure to adopt his reading of rule 33 and § 2255(f) would lead to a litany of problems, including piecemeal litigation and potential conflict with counsel. Compelling policy, however, cannot overcome the plain language of rules and statutes.[7] Moreover, litigation does not need to be

---

[5] *See* FED. R. APP. P. 4(b) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed . . . .").

[6] *See* FED. R. CRIM. P. 33(b)(1) ("Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.").

[7] *Cf. Sobranes Recovery Pool I, LLC v. Todd & Hughes Constr. Corp.*, 509 F.3d 216, 227 (5th Cir. 2007) ("However attractive these policies are, they find no home in the plain language of the statute. Although Congress is free to amend the statute to effectuate these policy con-
(continued...)

piecemeal, because district courts are well equipped to consider both Rule 33 and § 2255 and can also consolidate the motions to avoid that pitfall. *See Prescott*, 221 F.3d at 689. The problems Redd raises in regard to ineffective assistance of counsel on rule 33 motions can also be solved by having the district court stay the § 2255 motion until the rule 33 issue is litigated. Thus, if counsel were ineffective on the rule 33 motion, that could be addressed later if relevant to an ineffective-assistance-of-counsel claim. In the end, these matters are left to the sound discretion of the district courts in managing their dockets, and we need not lay down any specific directions.

B.

Redd also argues that limitations on his § 2255 motion should be equitably tolled. Normally, "[a] district court's decision with respect to equitable tolling is reviewed for abuse of discretion." *United States v. Wynn*, 292 F.3d 226, 229-30 (5th Cir. 2002) (citation omitted). Redd, however, failed to present this issue to the district court, so we review only for plain error. *See United States v. Zuniga-Amezquita*, 468 F.3d 886, 887 n.2 (5th Cir. 2006). This rule applies to litigants who fail to argue equitable tolling in the district court.[8]

To establish plain error, Redd is required to show that "(1) there was error, (2) the error was plain, (3) the error affected his 'substantial rights,' and (4) the error seriously affected 'the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Jones*, 489 F.3d 679, 681 (5th Cir. 2007) (*quoting United States v. Olano*, 507 U.S. 725, 732 (1993)). Equitable tolling requires

---

[7] (...continued)
cerns, we are not.").

[8] *See Outler v. United States*, 485 F.3d 1273, 1283 n.5 (11th Cir. 2007) (applying plain error to equitable tolling that was raised for first time on appeal), *cert. denied*, 128 S. Ct. 1443 (2008); *Sanders v. Louisiana*, 208 F.3d 1006 (5th Cir. 2000) (table) (using plain error review for first-time appellate review of whether § 2254 motion was time-barred).

that Redd show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' of timely filing his § 2255 motion." *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). It is permitted only in "rare and exceptional circumstances." *Id.* at 364 (citation omitted).

Two of Redd's actions undercut his claim that he was pursuing his rights diligently. First, his certiorari petition regarding his rule 33 motion was filed nearly a year after this court affirmed the ruling on the motion. That is well past the ninety-day limit and shows that Redd did not act diligently to preserve rights. *See* SUP. CT. R. 13.1. In addition, Redd's § 2255 motion never implicated any of the litigation regarding the rule 33 motion. Redd filed the motion almost three years after this court had denied his direct appeal, too long a period for us to find plain error.

## C.

Redd argues that the government waived its timeliness defense to the § 2255 motion by relegating the issue to a footnote in its initial brief. Redd reasons that *United States v. Charles*, 469 F.3d 402 (5th Cir. 2006), stands for the proposition that issues set forth in footnotes are insufficient to raise an issue for review. In *Charles*, however, we said only that "[a] single conclusory sentence in a footnote is insufficient to raise an issue for review." *Id.* at 408 (*citing Beazley v. Johnson*, 242 F.3d 248, 270 (5th Cir. 2001)).

The government here submitted, instead, several sentences complete with citations to 28 U.S.C. § 2255, references to the one-year statute of limitations, and a citation to *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000), which discusses this statute of limitations. Although all of that was presented in a footnote, it was enough to put Redd on notice of the issue.

AFFIRMED.