# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2010

Lyle W. Cayce
Clerk

No. 09-41134
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIM C WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CV-109
USDC No. 2:02-CR-105-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:*

Tim C. Williams, federal prisoner # 84106-012, appeals the district court's dismissal as untimely of his 28 U.S.C. § 2255 motion, challenging his conviction for conspiracy to launder money. *See* 18 U.S.C. § 1956(a)(1)(A)(i), (h). The district court granted Williams a certificate of appealability on the issue "whether [the district court] can determine that [*United States v. Santos*, 553 U.S. 507 (2008)] is retroactively applicable for purposes of [] § 2255(f)(3), and, if

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

so, whether *Santos* is retroactively applicable such that Williams' motion [was] timely filed under § 2255(f)(3)."

This court reviews a district court's findings of fact for clear error and its legal conclusions de novo. *United States v. Redd*, 562 F.3d 309, 311 (5th Cir.), *cert. denied*, 130 S. Ct. 308 (2009). The limitation period for filing a § 2255 motion runs from, inter alia, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). As the Government concedes, for purposes of retroactivity concerning the limitations period, any court can hold that a new rule applies retroactively; it need not be the Supreme Court. *See United States v. Lopez*, 248 F.3d 427, 431-32 (5th Cir. 2001).

Williams argues that in light of *Santos*, the conduct underlying his conviction for conspiracy to launder money was not criminal because the money at issue did not constitute "profits." In *Garland v. Roy*, 615 F.3d 391, 397 (5th Cir. 2010), we recently held that *Santos* applied retroactively to cases on collateral review. As the Government concedes, Williams's § 2255 motion was timely filed for purposes of § 2255(f)(3) because his § 2255 motion, filed in May 2009, was filed within one year of the June 2, 2008, *Santos* decision. Thus, the district court erred in dismissing Williams's § 2255 motion as barred by the statute of limitations, and we VACATE and REMAND for further proceedings. We express no opinion on the issue of procedural bar, raised by the Government for the first time on appeal, or on the merits of Williams's § 2255 motion.

VACATED AND REMANDED.