# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30013
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL D. BRUMFIELD,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-11463

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Michael D. Brumfield, federal prisoner # 27500-034, appeals the district court's denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on grounds of ineffective assistance of trial and appellate counsel. Brumfield also asserts the district court abused its discretion in failing to hold an evidentiary hearing regarding his motion and that the district court erred by not granting him a new trial under Federal Rule of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30013

Criminal Procedure 33. The district court granted him a certificate of appealability (COA) on the issue of ineffective assistance of trial counsel.

As a preliminary matter, Brumfield has presented arguments in his brief that were not included in the district court's grant of a COA. Normally, appellate review in § 2255 proceedings is limited to issues on which the district court granted a COA. *See Lackey v. Johnson*, 116 F.3d 149, 151-52 (5th Cir. 1997). When, however, a party expressly seeks a COA on additional issues, this court may certify those issues if the party meets the requirements for a COA. *See United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). Brumfield has not moved for an extension of the COA as to his claim of ineffective assistance of appellate counsel, and we decline to consider his brief as such a motion. *See Lackey*, 116 F.3d at 151-52; 28 U.S.C. § 2253(c). We therefore lack jurisdiction to consider that issue. In addition, Brumfield has abandoned, by failing to brief, his claim that trial counsel was ineffective for failing to obtain certain Drug Enforcement Administration (DEA) reports. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

We now turn to the merits of Brumfield's challenges. In considering a § 2255 motion, this court reviews the district court's factual findings for clear error and its conclusions of law de novo. *United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009). In order to prevail on his claim of ineffective assistance of trial counsel, Brumfield must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). Brumfield has not satisfied the second prong of *Strickland*. That is, he has not shown that there is a reasonable probability that, but for trial counsels' alleged error in failing to investigate and interview certain witnesses, the result of the proceeding would

have been different.  *See id.* at 694; *see also Harrison v. Quarterman*, 496 F.3d 419, 425 (5th Cir. 2007) (requiring showing of prejudice to demonstrate that counsel was ineffective in failing to interview witness); *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (stating that a defendant must show how an investigation would have altered the trial's outcome).  Accordingly, he is not entitled to relief on this challenge.  *See Strickland*, 466 U.S. at 687-88, 694.

Brumfield also argues that the district court should have conducted an evidentiary hearing on his claim of ineffective assistance of trial counsel. Brumfield, however, did not produce "independent indicia of the likely merit of his allegations," and the district court was within its discretion in determining that the record was sufficient to show conclusively that no relief was appropriate.  *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013).

Last, Brumfield contends that newly discovered evidence of misconduct by law enforcement officers warranted a new trial under Federal Rule of Criminal Procedure 33.  The evidence, according to Brumfield, consisted of newspaper articles which generally addressed allegations of misconduct made against a DEA agent and the agent's suspension amid a state and federal investigation.  Because those articles do not have an evidentiary purpose other than to impeach trial testimony, the district court did not abuse its discretion in denying Brumfield's motion for a new trial.  *See United States v. McRae*, 795 F.3d 471, 478 (5th Cir. 2015); *United States v. Villarreal*, 324 F.3d 319, 326 (5th Cir. 2003).

AFFIRMED.