# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60465
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KIRKSEY MCCORD NIX, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CV-77

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Kirksey McCord Nix, Jr., federal prisoner #20921-077, contests the district court's dismissal of his 28 U.S.C. § 2255 motion as time-barred. The district court's factual findings are reviewed for clear error; its conclusions of law, *de novo*. *E.g.*, *United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009). The denial of § 2255 relief may be affirmed on any basis supported by the record. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-60465

The one-year limitations period applicable to § 2255 motions runs from the latest of four events including, pertinent here, the date on which the right asserted by movant was recognized by the Supreme Court, "if that right has been newly recognized by the . . . Court and made retroactively applicable to cases on collateral review". 28 U.S.C. § 2255(f)(3). Nix contends his § 2255 motion was timely filed under § 2255(f)(3) because it relies on a new right announced in *Rosemond v. United States*, 572 U.S. 65 (2014).

In *United States v. Nix*, 694 F. App'x 287, 288 (5th Cir. 2017), our court found Nix failed to show *Rosemond* applies retroactively to cases on collateral review. Also, *Rosemond* addresses the application of the aiding-and-abetting statute when the underlying offense includes the requirement that the offense be committed during, and in relation to, the predicate offense, that is a combination offense. *See United States v. Carbins*, 882 F.3d 557, 565 (5th Cir. 2018); *United States v. Baker*, 912 F.3d 297, 312–15 (5th Cir. 2019). Nix's relevant conviction is for conspiracy to violate the murder-for-hire statute, 18 U.S.C. § 1958(a). *United States v. Sharpe*, 995 F.2d 49, 50 (5th Cir. 1993) (*Sharpe I*). *Rosemond* does not apply to the facts of Nix's case. *See, e.g., Baker*, 912 F.3d at 312–315.

AFFIRMED.