# United States Court of Appeals for the Fifth Circuit

---

No. 21-50775
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2023

Lyle W. Cayce
Clerk

Isidro Ramos, III,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-1448

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Following this court's grant of a certificate of appealability, Isidro Ramos, III, Texas inmate # 02150358, appeals the dismissal, as time-barred, of his 28 U.S.C. § 2254 petition challenging his convictions for sexual assault of a child and continuous sexual abuse of a child. Ramos contends that the district court erred by excluding from its statutory tolling analysis the nearly

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-50775

700-day pendency of his motions for postconviction DNA testing under article 64 of the Texas Code of Criminal Procedure and his attendant appeal of the denial of those motions. *See generally* 28 U.S.C. § 2244(d). The State concurs.

Under § 2244(d), a petitioner must bring a federal challenge to his state conviction or sentence within one year of, relevantly, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A); *see Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). However, "[t]he time during which a properly filed application for State post-conviction *or other collateral review* with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." § 2244(d)(2) (emphasis added). Because Ramos did not argue in the district court that his federal petition was timely based on his postconviction DNA testing motions, we review that issue for plain error. *See United States v. Redd*, 562 F.3d 309, 313 & n.8 (5th Cir. 2009).

"[A] motion to test DNA evidence under Texas Code of Criminal Procedure article 64 constitutes 'other collateral review' and thus tolls the . . . one-year limitations period under 28 U.S.C. § 2244(d)(1)." *Hutson v. Quarterman*, 508 F.3d 236, 240 (5th Cir. 2007). Thus, the failure to include the pendency of Ramos's DNA testing motion was error, and that error was clear or obvious in light of *Hutson*. *See Redd*, 562 F.3d at 314. As the State concedes, if that period is included, Ramos's petition was timely. Moreover, the error affected Ramos's substantial rights and seriously affects the fairness, integrity, or public reputation of judicial proceedings by depriving Ramos of the opportunity to have the merits of his constitutional claims considered in an initial § 2254 petition. *See Wallace v. Mississippi*, 43 F.4th 482, 500–01 (5th Cir. 2022).

No. 21-50775

Accordingly, we REVERSE the judgment of the district court dismissing Ramos's § 2254 petition as time-barred and REMAND this matter for further proceedings consistent with this opinion.