[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16095
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-80114-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAULO HENRIQUE HILEL,
a.k.a. Lilito,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 10, 2009)

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

A Southern District of Florida jury convicted appellant, Paulo Henrique Hilel, of conspiring between June 1 and 4, 2007, to smuggle aliens into the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), and the district court sentenced him to prison for 60 months. He appeals his conviction and sentence. After considering the arguments he has presented, we affirm.

I.

Appellant challenges his conviction on two grounds (1) the district court erred in overruling his Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), objection to the prosecution's motive for striking the only Portuguese-speaking panel member from the venire; (2) the evidence was insufficient to convict him of the charged conspiracy. We consider these points in turn.

A.

Appellant contends that the district court erred in failing to conduct a Batson inquiry in response to his objection to the Government's use of a peremptory challenge to remove a Portuguese-speaking individual from the venire panel. He says that there was an independent and clear showing of prejudice in the prosecution's decision to strike the individual, who was the only venire member representing the same "ethno-centric constituency" as his.

We review the resolution of a Batson challenge, "giv[ing] great deference to a district court's finding as to the existence of a prima facie case. De novo review is inappropriate." United States v. Ochoa-Vasquez, 428 F.3d 1015, 1039 (11th Cir. 2005) (quotation omitted). As the district court's determination of the reason for a juror's dismissal is a finding of fact, we will not overturn it "unless it is clearly erroneous or appears to have been guided by improper principles of law." Id. (quotation omitted).

"Purposeful racial discrimination in selection of the venire violates a defendant's right to equal protection." Batson, 476 U.S. at 86, 106 S.Ct. at 1717. Under Batson, "the district court must determine whether the party challenging the peremptory strikes has established a prima facie case of discrimination by establishing facts sufficient to support an inference of racial discrimination." Ochoa-Vasquez, 428 F.3d at 1038 (citations and quotation omitted). "Our precedent makes clear that the establishment of a prima facie case is an absolute precondition to further inquiry into the motivation behind the challenged strike." Id. (quotation omitted). "Batson . . . offere[s] two examples of circumstances that may support a prima facie case of racial discrimination: (1) engaging in a pattern of strikes against venire members of one race, or (2) questions or statements during voir dire or in exercising challenges that suggest a discriminatory purpose." Id.

3

(quotations omitted). A moving party is required to present evidence other than the bare fact of a juror's removal "and the absence of an obvious valid reason for the removal" to demonstrate a prima facie case of discrimination. United States v. Allison, 908 F.2d 1531, 1538 (11 Cir. 1990) (quotation omitted).

We discern no error in the district court's disposition of appellant's Batson objection without inquiring into the prosecutor's motive for striking the Portuguese-speaking panel member from the venire panel because appellant failed to establish a prima facie case of discrimination. We therefore reject his Batson argument, and proceed to his sufficiency-of-the-evidence challenge.

B.

Appellant contends that the evidence was insufficient to make out a violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) because it consisted primarily of the uncorroborated and incredible testimony of his co-conspirators, namely Christian Bastos and Valdo Cesar Dos Santos, Jr. Section 1324 provides, in relevant part, that it is a federal offense for "[a]ny person" to engage in a conspiracy to "encourage[ ] or induce[ ] an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law." 8 U.S.C. § 1324(a)(1)(A)(iv), (v)(I). To prove such a conspiracy, the prosecution must show: "(1) that an agreement existed

4

between two or more persons to commit a crime; (2) that the defendant knowingly and voluntarily joined or participated in the conspiracy; and (3) a conspirator performed an overt act in furtherance of the agreement." United States v. Ndiaye, 434 F.3d 1270, 1294 (11th Cir. 2006). The existence of a conspiracy may be proven by circumstantial evidence. Id. "[T]he defendant's knowledge of and membership in the conspiracy may be proven by acts on his part which furthered the goal of the conspiracy." United States v. Cross, 928 F.2d 1030, 1042 (11th Cir. 1991).

We are not persuaded by appellant's argument that the testimony of Bastos and Santos was uncorroborated and incredible. He ignores the fact that the prosecution presented evidence that fully supported the testimony of these two co-conspirators. Government databases recorded appellant's frequent trips to the Bahamas, the Dominican Republic, and Brazil. ICE databases showed that appellant had flown out of the Bahamas to the Ft. Lauderdale, Florida, airport on January 30, 2007, without any record that he had flown to the Bahamas. Bastos testified that his first smuggling trip with appellant had occurred on January 30, 2007, during which they picked up Brazilian nationals in Freeport, Bahamas, and that appellant returned to Florida by airplane. Both Bastos and Santos confirmed that appellant never returned to Florida on a boat transporting the aliens. The

5

Government also produced a receipt from Sea Tow, the company that assisted Bastos when the "Kodi Bear" malfunctioned at sea, to support his testimony that a smuggling trip took place on January 30, 2007. Santos testified that appellant traveled frequently to the Bahamas, Brazil, and the Dominican Republic to plan the trips and in preparation for the Brazilians to land in the Bahamas without interference by Bahamian immigration authorities. Appellant's flight records confirmed that testimony. Governmental records also confirmed Santos's testimony that on June 5, 2007, the day after Bastos was interdicted by the Coast Guard and the charged conspiracy was aborted, appellant flew from Bimini to Ft. Lauderdale using a variation of his name and a false passport number. The records also confirmed Bastos' testimony that appellant had traveled with him, Santos, and Marcos Ases to the Bahamas to pick up the aliens and returned to Florida by airplane. In sum, the evidence of appellant's involvement in the charged conspiracy was overwhelming.

## II.

Appellant contends that his sentence is substantively unreasonable, in that it represents a significant upward variance from the presumptive Guidelines sentence range, that it was supported by uncorroborated testimony, and that it resulted in an unwarranted sentencing disparity.

We review the sentence imposed by the district court for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). Reasonableness review requires the application of an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, __, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). We

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

Id. at __, 128 S.Ct. at 597. If the district court's decision is procedurally reasonable, our analysis then turns to the substantive reasonableness of the sentence. Id.

"In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the [18 U.S.C.] § 3553(a) factors." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006). "We may not apply a presumption of unreasonableness where a sentence is outside of the Guidelines range, and we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotations omitted). Comparing the sentence imposed against the statutory maximum sentence is one indication of reasonableness. United States v. Valnor,

7

451 F.3d 744, 751-52 (11th Cir. 2006). However, we are mindful of the fact that "a sentence can be unreasonable . . . if the district court's selection of the sentence was substantially affected by its consideration of impermissible factors." United States v. Williams, 456 F.3d 1353, 1361 (11th Cir. 2006), abrogated on other grounds by Kimbrough v. United States, 552 U.S. 85 (2007).

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (3)-(7).

The sentence range prescribed by the Guidelines called for imprisonment from 30 to 37 months. The court imposed a sentence of 60 months, an upward

variance.  We find that the court's decision to impose the variance was supported amply by its explicit consideration of many of the § 3553(a) factors, especially the fact that appellant had been involved in alien smuggling for a long period of time.

For the foregoing reasons, appellant's conviction and sentence are AFFIRMED.