[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14033
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:07-cr-80114-DTKH-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAULO HENRIQUE HILEL,
a.k.a. Lilito,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 7, 2011)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

In *United States v. Hilel*, 353 Fed.Appx. 378 (11ᵗʰ Cir. 2009), we affirmed Paulo Henrique Hilel's conviction and sentence for conspiracy to commit alien smuggling, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). In May 2010, Hilel moved the district court for a new trial pursuant to Federal Rule of Criminal Procedure 33 based on newly discovered evidence. The newly discovered evidence consisted of declarations made by two individuals, Adenir de Souza and Marcos De Assis, not in the United States, who participated at some time in alien smuggling activities with Hilel. Both declarants exonerated Hilel of any involvement in the conspiracy for which he had been convicted. The district court denied his motion on three grounds: (1) Hilel failed to establish that declarations of Souza and Assis constituted newly discovered evidence; (2) Hilel failed to demonstrate the declarations' statements were more than impeaching evidence; and (3) Hilel failed to establish that he could not have obtained the statements before trial in the exercise of due diligence. Hilel now appeals the court's ruling, presenting two arguments.

Hilel argues that the district court abused its discretion in two respects: (1) in denying his motion because the declarations showed that the Government violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), and

*Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and (2) in ruling without holding an evidentiary hearing. We need not reach the question of whether the Government violated *Brady, Kyles, or Giglio*, because Souza's and Assis's declarations did not constitute evidence, much less newly discovered evidence.

Rule 33 provides that a "court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim.P. 33(a).

> To succeed on a motion for new trial based on newly discovered evidence, the movant must establish that (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

*United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003) (quotation omitted). Newly discovered evidence does not include evidence that would be inadmissible at trial. *Jernigan*, 341 F.3d at 1288-1289 (affirming the denial of a motion for a new trial because the evidence offered was not admissible under Fed. R. Evid. 804(b)(3), and thus, would not have produced a different result at trial).

The district court correctly held that the declarations Hilel presented with his motion for new trial do not constitute evidence that would be admissible at a

3

retrial of Hilel's case.[1]  In his declaration, Souza merely states, without providing any explanation or support, that "Paulo Henrique Hilel had no involvement in any alien smuggling venture that was happening about [sic] or before June 4, 2007." Assis, an indicted co-conspirator, in his declaration, merely states that "Mr. Paulo Henrique Seleme Hilel, arrested in August, 2008, Case # 07/CR/8114/DTKH/2, had no connection with the fact [sic]."  We assume that "no connection" means no involvement in the conspiracy for which Hilel was convicted.  Neither Souza nor Assis explains how they knew that Hilel was not involved in the June 4, 2007 smuggling trip, nor does either point to any evidence to support their statement claim.

In that neither declaration constitutes admissible evidence, and thus required the district court to deny Rule 33 relief, we do not reach the question of whether the Government somehow violated *Brady, Kyles, or Giglio*.

AFFIRMED.

---

[1]  The court did not need to hold an evidentiary hearing to reach this holding.  Hence, Hilel's second argument for reversal fails.