[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10987
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 25, 2011
JOHN LEY
CLERK

D.C. Docket Nos. 9:11-cv-80141-DTKH
9:07-cr-80114-DTKH

PAULO HENRIQUE HILEL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 25, 2011)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

While the district court's ruling denying petitioner's motion for a new trial,

*see* Fed. R. Crim. P. 33, was pending in this court on appeal, petitioner moved the

district court pursuant to 28 U.S.C. § 2255 for relief from his conviction for conspiring to commit alien smuggling. Over petitioner's and the Government's objection, the district court dismissed petitioner's § 2255 motion without prejudice. (We subsequently affirmed the district court's Rule 33 ruling, *United States v. Hilel*, 352 Fed. App'x 378 (11th Cir. 2009).)

Pursuant to § 2255, a defendant has one year from, *inter alia*, the date that his conviction became final, to file a § 2255 motion to vacate. 28 U.S.C. § 2255(f)(1). In this case (as in all court of appeals affirmances of convictions), the petitioner had 90 days following our affirmance of his conspiracy conviction to petition the Supreme Court for a writ of certiorari to review our decision. He did not petition the Court for the writ, so his conviction became final after this 90-days period expired. *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

Under Rule 33, upon a defendant's motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). Filing a Rule 33 motion for new trial is not considered an extension of the direct appeal, and does not toll the § 2255(f)(1) one-year limitations period for filing a § 2255 motion. *Barnes v. United States*, 437 F.3d 1079 (11th Cir. 2006).

As both parties agree, the dismissal without prejudice here had the effect of a dismissal with prejudice, because of the impact of the § 2255(f)(1) time-bar. Given this consequence, the court should have stayed proceedings on the § 2255 motion until the Rule 33 proceeding was resolved. We therefore Vacate the district court's judgment of dismissal and REMAND the case for further consideration of petitioner's § 2255 motion.

VACATED AND REMANDED.