# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60335
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2016

Lyle W. Cayce
Clerk

JOSIAH T. WATSON,

Petitioner-Appellant

v.

B. MOSLEY, Warden of Federal Correction Complex Yazoo City,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CV-135

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Josiah T. Watson, federal prisoner # 77444-083, moves for leave to proceed in forma pauperis (IFP) in his appeal from the dismissal of his 28 U.S.C. § 2241 petition, in which he challenged his guilty plea convictions of using, carrying, and brandishing a firearm during a crime of violence and aiding and abetting the same in violation of 18 U.S.C. §§ 2, 924(c). A movant seeking leave to proceed IFP on appeal must demonstrate that he is a pauper

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60335

and that he will raise a nonfrivolous issue on appeal.  *See* FED. R. APP. P. 24(a)(5); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Watson filed a motion under 28 U.S.C. § 2255 in the Eastern District of Virginia, where he was sentenced, arguing that he was "actually innocent" of aiding and abetting based on the Supreme Court's decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014).   The sentencing court dismissed Watson's motion as untimely.  Watson then filed a petition under § 2241 in the Southern District of Mississippi, where he is incarcerated, and raised the same claim of actual innocence under *Rosemond*.   The district court dismissed Watson's § 2241 petition as frivolous.

In support of his IFP motion, Watson contends that he should be permitted to proceed under § 2255's savings clause.   To satisfy the requirements of the savings clause, a prisoner must establish that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e); *see Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).

In *Rosemond*, the Supreme Court held that to aid and abet a firearm offense in violation of § 924(c), a defendant must have advance knowledge that a firearm will be used or carried.  134 S. Ct. at 1249.  But *Rosemond* involved a direct appeal, and the Supreme Court gave no indication that its decision applied retroactively to cases on collateral review.  *See Tyler v. Cain,* 533 U.S. 656, 663 (2001) ("[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive").

In addition, even if *Rosemond* applied retroactively, Watson has not shown that he was convicted of a nonexistent offense.  The record supports that Watson had the advance knowledge required under *Rosemond* to be guilty of aiding and abetting his § 924(c) offense.

No. 15-60335

Watson has not met the burden of showing that the § 2255 remedy is inadequate or ineffective; therefore, the district court did not err in dismissing his § 2241 petition. *See* § 2255(e). Accordingly, Watson's request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24; *see also* 5TH CIR. R. 42.2.