# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20715
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 13, 2016

Lyle W. Cayce
Clerk

CASSIE BALL,

> Petitioner-Appellant

v.

MARNE BOYLE, Warden, Federal Prison Camp Bryan,

> Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-3045

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Cassie Ball pleaded guilty to conspiracy to manufacture, distribute, and possess, with the intent to distribute, methamphetamine, in violation of 21 U.S.C. § 846, and to possessing a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c). She is serving a 180-month sentence. Ball did not pursue a direct appeal. Her 28 U.S.C. § 2255 motion was denied, as was her attempt to pursue a successive § 2255 motion.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-20715

Proceeding *pro se*, Ball contests the dismissal of her 28 U.S.C. § 2241 petition, urging she is entitled to relief because she is actually innocent of the firearms offense, and her continued incarceration will result in a miscarriage of justice. The dismissal of a § 2241 petition is reviewed *de novo*. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

Through that petition, a federal prisoner may attack the validity of his conviction if he can meet the requirements of the savings clause in § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The prisoner must establish the remedy provided under § 2255 would be "inadequate or ineffective to test the legality of his detention". 28 U.S.C. § 2255(e); *Reyes-Requena*, 243 F.3d at 901. To make that showing, a prisoner must make a claim (1) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" that (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion". *Reyes-Requena*, 243 F.3d at 904.

Ball fails to make the required showing. To the extent she relies on *Rosemond v. United States,* 134 S. Ct. 1240 (2014), she has not demonstrated it applies retroactively to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive"). Moreover, assuming, *arguendo*, *Rosemond* is retroactively applicable, Ball has not shown it establishes she may have been convicted of a nonexistent offense. Ball was charged and convicted under § 924(c); because she was neither charged nor convicted under the aiding and abetting statute, 18 U.S.C. § 2, *Rosemond* does not apply. *See* 134 S. Ct. at 1243 (concerning cases where the Government charges a defendant with aiding or abetting, under 18 U.S.C. § 2,

conduct that violates § 924(c)).  Furthermore, Ball acknowledged in her written plea agreement and factual basis that she "knowingly possessed" the loaded pistol underlying the § 924 violation.

Ball's "actual innocence" argument is unavailing.  She presents no authority for an "actual innocence" gateway to challenge a conviction and sentence in a § 2241 petition if the petitioner fails to satisfy the requirements of § 2255's savings clause.  *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *Foster v. Quarterman*, 466 F.3d 359, 367−68 (5th Cir. 2006).

AFFIRMED.