# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60464

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KIRKSEY MCCORD NIX, JR.,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CV-78

Before STEWART, Chief Judge, and JONES and CLEMENT, Circuit Judges.

PER CURIAM:*

Kirksey McCord Nix, Jr. appeals the district court's dismissal of his 28 U.S.C. § 2255 motion. For the reasons expressed below, we AFFIRM the judgment of the district court.

A jury convicted Nix of three counts of conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 846, and one count of aiding and abetting interstate transportation in aid of unlawful activity, in violation

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60464

of 18 U.S.C. § 1952(a) and § 2. This court affirmed Nix's convictions on direct appeal. *See United States v. Nix*, 1993 WL 241909, at *1 (5th Cir. June 25, 1993).

In March 2015, Nix filed a *pro se* § 2255 motion. He collaterally challenged the legality of his convictions, relying on the Supreme Court's then-recent decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014). In *Rosemond*, the Supreme Court held that a defendant "has the intent needed to aid and abet a [18 U.S.C.] § 924(c) violation when he knows that one of his confederates will carry a gun." 134 S. Ct. at 1249. The government must show that the defendant had "advance knowledge" of a firearm. *Id.* at 1249–50.

The district court held that Nix's § 2255 motion was time barred and that *Rosemond* did not apply to Nix's offenses of conviction, which did not involve aiding and abetting a § 924(c) offense. It dismissed Nix's § 2255 motion, denied Nix a certificate of appealability ("COA"), and denied as moot Nix's request to proceed *in forma pauperis* ("IFP"). Nix moved under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. The district court denied his Rule 59(e) motion and his application for a COA.

Nix timely appealed. This court granted a COA to address "whether the district court erred in dismissing [Nix's] § 2255 motion as time barred" and "whether *Rosemond* is limited in scope to aiding or abetting an 18 U.S.C. § 924(c) firearms offense."

"We review the district court's factual findings relating to a § 2255 motion for clear error and its conclusions of law *de novo*." *United States v. Olvera*, 775 F.3d 726, 728–29 (5th Cir. 2015) (quoting *United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009)).

Nix's convictions became final over 20 years before he filed his § 2255 motion. Nix argues that his § 2255 motion is timely pursuant to § 2255(f)(3), which extends the limitations period to file a § 2255 motion to one year from

No. 15-60464

"the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). But Nix has not demonstrated that *Rosemond* applies retroactively to cases on collateral review. *See, e.g., Ball v. Boyle*, 659 F. App'x 790, 791 (5th Cir. 2016); *Watson v. Mosley*, 644 F. App'x 348, 348 (5th Cir. 2016).

Even if *Rosemond* applies retroactively, Nix has not shown that it applies to his offenses of conviction. *Rosemond* discussed the intent required to support a conviction for aiding and abetting a § 924(c) firearms offense. *See* 134 S. Ct. at 1251–52. But only one of Nix's offenses of conviction even involved aiding and abetting liability—though for a § 1952(a) offense and not a § 924(c) offense. Even if *Rosemond* applies to Nix's conviction for aiding and abetting a § 1952(a) offense, the record evidence demonstrates that Nix had advance knowledge of the full scope of the § 1952(a) offense.

We AFFIRM the judgment of the district court.[1]

---

[1] Nix's motion to correct his reply brief does not change our analysis. We thus DENY this motion as MOOT.